LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN, ISB #3586
Chief of Civil Litigation

CYNTHIA YEE-WALLACE, ISB #6793
PETER L. WUCETICH, ISB #10557
Deputy Attorneys General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, ID  83720-0010
Telephone:     (208) 334-2400
Facsimile:     (208) 854-8073
cynthia.wallace@ag.idaho.gov
peter.wucetich@ag.idaho.gov
          Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| PLANNED PARENTHOOD OF THE GREAT NORTHWEST AND THE HAWAIIAN ISLANDS, a Washington corporation, | ) ) ) ) | Case No. 1:18-cv-00319-DCN |
| Plaintiff, | ) ) ) | **DECLARATION OF MICHELE D'ARCY-EVANS** |
| v. | ) ) | |
| LAWRENCE G. WASDEN, et al., | ) ) | |
| Defendants. | ) ) | |

I, Michele D'Arcy-Evans, declare as follows:

1.      I am a certified nurse-midwife and a professor in Lewis-Clark State College's

Nursing and Health Sciences Division.  A true and correct copy of my C.V. is attached hereto as

Exhibit A.

2.      The facts that I provide in this declaration are based upon my own personal knowledge, and my opinions expressed in this declaration are based on my medical education, training, and nearly 40 years of practice and experience, as well as my familiarity with the relevant medical literature and standard of care.

3.      As a certified nurse-midwife, my area of specialty is women's health care across the life span although my main focus is on prenatal, intra-partum, postpartum and neonatal care. Thus, the majority of my clinical experience and teaching lies within these areas and includes both theoretical and clinical components for both the generic BSN students and the Practical nursing students.  I maintain my certification and prescription privileges by meeting the continuing education and clinical requirements required by the American Colleges of Nurse Midwives and the Idaho State Board of Nursing (Advanced Practice). To ensure excellence in teaching I keep abreast of changes in my field of practice and bring these in a challenging manner to my interactions with students.

4.      I have read the Abortion Complications Reporting Act (Idaho Code §§ 35-9501 *et seq*.) (the "Act").

5.      I understand what the Act requires me to do.  More specifically, I understand that it requires me to report what, in my reasonable medical judgment, is a complication from abortion.  I understand that the term complication means an abnormal or deviant process or event that stems from an abortion, and that the Act contains a list of 37 qualifying conditions.  I also understand that medical practitioners are supposed to use their reasonable medical judgment in determining if there is a complication that stems from an abortion when deciding whether that complication needs to be reported under the Act.  In my opinion, other medical practitioners would be capable of understanding what the Act requires of them.

DECLARATION OF MICHELE D'ARCY-EVANS - 2

6.      I believe I could use my reasonable medical judgment to comply with the reporting requirements set forth in the Act.   In my opinion, other medical practitioners would be capable of using their reasonable medical judgment to comply with the Act.

7.      I do not believe the lack of a time limitation for the reporting requirement is an issue because the vast majority of complications stemming from an abortion are likely to manifest themselves in a close temporal proximity to the abortion procedure or process.

8.      I believe further data on abortion complications would be useful and could protect women's health because it could help identify excessive risks and lapses in the standard of care. The information obtained under the Act will also give Idaho and the medical community more information about which abnormal or deviant events or processes are happening with respect to abortions performed in Idaho.

9.      It is my opinion that requiring medical practitioners to report abortion complications and comply with the reporting requirements in the Act will promote the health and safety of women by creating more oversight by the Idaho Board of Medicine to ensure that physicians are following the standard of care for abortions.   This information is particularly helpful because the risk of abortion complications increase with the gestational age of the fetus. Allowing the Idaho Board of Medicine access to complication reports allows them to monitor how often complications are occurring, with what procedures or processes, with which physicians, at what facilities, and at what stage of pregnancy they are occurring.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on August 24, 2018.

By_____*Michele D'Arcy-Evans*_____

Michele D'Arcy-Evans

DECLARATION OF MICHELE D'ARCY-EVANS - 3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 24, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Deborah A. Ferguson
daf@fergusondurham.com

Richard A. Eppink
reppink@acluidaho.org

Craig H. Durham
chd@fergusondurham.com

Molly Kafka
mkafka@acluidaho.org

Hannah Brass Greer
hannah.brassgreer@ppgnhi.org

Carrie Flaxman
carrie.flaxman@ppfa.org


  /s/Cynthia Yee-Wallace
CYNTHIA YEE-WALLACE
Deputy Attorney General