LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN, ISB #3586
Chief of Civil Litigation

CYNTHIA YEE-WALLACE, ISB #6793
PETER L. WUCETICH, ISB #10557
Deputy Attorneys General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, ID  83720-0010
Telephone:     (208) 334-2400
Facsimile:     (208) 854-8073
cynthia.wallace@ag.idaho.gov
peter.wucetich@ag.idaho.gov
        Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD OF THE GREAT NORTHWEST AND THE HAWAIIAN ISLANDS, a Washington corporation, | Case No. 1:18-cv-00319-DCN |
| Plaintiff, | **DECLARATION OF CYNTHIA YEE-WALLACE IN SUPPORT OF STATE DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| LAWRENCE G. WASDEN, et al., | |
| Defendants. | |

I, CYNTHIA YEE-WALLACE, declare as follows:

1.      I am the attorney of record for all Defendants in this case and I make this declaration based upon my own personal knowledge.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Stipulated Facts filed jointly by Plaintiff Planned Parenthood of the Great Northwest and the Hawaiian Islands

and Defendants Lawrence G. Wasden, Jan M. Bennetts, Grant P. Loebs, and Idaho State Board of Medicine on December 23, 2016 in *Planned Parenthood of the Great Northwest and the Hawaiian Islands v. Wasden*, Case No. 1:15-cv-00557-BLW (D. Idaho).  The Office of the Idaho Attorney General was counsel of record in that action and the State settled that case.  These Stipulated Facts were filed with the Court as part of the settlement in that case.

3.      Attached hereto as **<u>Exhibit B</u>** is a true and correct copy of screenshots from the website maintained by Planned Parenthood Federation of America describing medication abortion, available at www.plannedparenthood.org/learn/abortion/the-abortion-pill (accessed Aug. 24, 2018).

4.      Attached hereto as **<u>Exhibit C</u>** is a true and correct copy of screenshots from the website maintained by Planned Parenthood Federation of America describing an in-clinic abortion, available at www.plannedparenthood.org/learn/abortion/in-clinic-abortion-procedures (accessed Aug. 24, 2018).

5.      Attached hereto as **<u>Exhibit D</u>** are true and correct copy of the Plaintiff's Memorandum in Support of Motion for Preliminary Injunction filed by Planned Parenthood of Indiana and Kentucky, Inc. on May 18, 2018 in *Planned Parenthood of Indiana and Kentucky, Inc. v. Commissioner, Indiana State Department of Health; Prosecutors of Marion, Lake, Monroe, and Tippecanoe Counties, Indiana; the Individual Members of the Medical Licensing Board of Indiana*, Case No. 1:18-cv-1219 (S.D. Ind.).

6.      Attached hereto as **<u>Exhibit E</u>** is a true and correct copy of Indiana Code § 16-34-2-4.7.

7.      Attached hereto as **Exhibit F** are true and correct copies of excerpts of the official House Journal of the Idaho Legislature dated March 1, 2018 and of the official Senate Journal of the Idaho Legislature dated March 14, 2018.

8.      Attached hereto as **Exhibit G** are true and correct copies of final orders from licensing boards, pleadings and orders approving settlements, and a judgment involving cases against physicians who performed abortions in states other than Idaho.  These documents involve allegations that include:

a.      *In re: License of Ulrich G. Klopfer, D.O.*, Cause No. 2014 MLB 0044, Findings of Fact, Ultimate Findings of Fact, Conclusions of Law and Final Order (Med. Licensing Bd. of Ind. Nov. 22, 2016) (available at:

https://www.in.gov/apps/pla/litigation/viewer.aspx?id=19960) (accessed Aug. 24, 2018) – Dr. Klopfer administered sedation medication to patients intravenously, but did not equip patients with a heparin lock during the procedure, and patients had no access to an IV; patients had no monitoring device during the procedure and were only monitored by staff; personnel who monitored the recovery room were not trained, licensed, or certified to monitor patients who had received sedation medication; failed to provide patients with information and counseling 18 hours before performing the abortion procedure; abortions performed were not timely reported; and Dr. Klopfer failed to report a 10-year old patient who had disclosed to him she was raped.

b.      *Jones v. Planned Parenthood of Illinois*, No. 2013-L-000076, 2013 WL 171149, Complaint at Law (Ill. Cir. Ct. Jan. 3, 2013) – Alleged that providers, including Planned Parenthood of Illinois, failed, among other things, to use ultrasound during an abortion procedure on Tonya Reaves; failed to follow policies and procedures; perforated

Ms. Reaves's uterus; failed to identify, diagnose, or treat the source of bleeding;

improperly performed a dilation and evacuation, and caused Ms. Reaves's death.  The

suit was later settled.  *See id.*, No. 2013-L-000076, Order for Approval of Wrongful

Death Settlement (Ill. Cir. Ct. Jan. 14, 2014).

       c.     *In re County Investigating Grand Jury XXIII*, No. 0009901-2008, 2011

WL 711902 (Pa. Com. Pl. Jan. 14, 2011) – Dr. Gosnell regularly and illegally delivered

live, viable babies in the third trimester of pregnancy, then murdered them by severing

their spinal cords with scissors.  Dr. Gosnell often overdosed his patients with drugs,

spread venereal diseases among them with infected instruments, perforated their wombs

and bowels, and caused two patients' deaths.

       d.     *In the Matter of Nicola I. Riley, M.D.*, Order for Summary Suspension of

License to Practice Medicine (Md. State Bd. of Physicians Aug. 31, 2010) (available at:

https://www.mbp.state.md.us/bpqapp/Orders/D7121308.310.PDF) (accessed Aug. 24,

2018); *see also id.*, Final Decision and Order (May 6, 2013) (available at:

https://www.mbp.state.md.us/bpqapp/Orders/D7121305.063.PDF) (accessed Aug. 24,

2018) – Dr. Riley transported a critically injured patient in Dr. Riley's personal car to a

nearby hospital following a failed abortion.  Dr. Riley also performed abortions on

fetuses aged 20, 28, 33, 35, and 36 weeks.

       e.     *C.H. v. Whitney, M.D., et al.*, No. 04-CA-1202, Div. 34, Second Am.

Compl. and Demand for Jury Trial (Fla. 9th Cir. Ct., Orange Cty. Aug. 8, 2006) –

Alleged that no evaluation or examination was done prior to the patient being given labor

inducing medications, which resulted in a delivery of a viable baby, born prematurely and

with injuries, impairment, disability, and disfigurement.  Judgment was entered following

a jury verdict.  *See id.*, Final Judgment for Punitive Damages (Jul. 22, 2011) (viewable at:

https://myeclerk.myorangeclerk.com/CaseDetails?caseId=853605&caseIdEnc=VrWw9P

1%2Fg9RK%2FlDY9mgMyL9T4ORZtzCVLrATR0d64n1r1jowyVxFhKzPxT6TPi09XJ

%2F5CA5n3MQdkcUbUBbLOQlfAlePFgENIMOxKNLt6yw%3D (visited Aug. 24,

2018).

       f.      *Dept. of Health v. Pendergraft*, DOH Case No. 2006-05930, DOAH Case

No. 08-4197PL, Final Order (State of Fla. Bd. of Med. Jan. 26, 2010) (available at:

https://appsmqa.doh.state.fl.us/MQASearchServices/Document/MTE4MzY2NTE%3d)

(accessed Aug. 24, 2018) – Dr. Pendergraft, while performing an abortion, removed a

portion of the fetus, then decided the patient needed to go to a hospital.  Dr. Pendergraft

failed to inform the hospital that he had removed a fetal part.

       g.      *Dept. of Health v. Pendergraft*, DOH Case Nos. 2004-39923 and 2005-

67224, DOAH Case No. 06-4288PL, Final Order (Fla. Bd. of Med. Dec. 20, 2007)

(available at:

https://appsmqa.doh.state.fl.us/MQASearchServices/Document/OTI2NzAxNg%3d%3d)

(accessed Aug. 24, 2018) – Dr. Pendergraft performed an abortion on a fetus in the third

trimester while not in a hospital as required by Florida law.

       h.      *In re: Mi Yong Kim, M.D.*, Order (Va. Bd. of Med. May 8, 2005)

(available at: http://abortiondocs.org/wp-content/uploads/2012/04/Kim-VA-

RestrictionsOrder04052005.pdf) (accessed Aug. 24, 2018) – Dr. Kim gave a patient

sedation medication and performed an abortion.  Following the procedure, the patient's

pulse oximetry reading was 70%; Dr. Kim did not check for a pulse or whether patient

was in cardiac arrest before administering more medication to the patient. The patient

later passed away.

      i.    *In re: Mi Yong Kim, M.D.*, Order (Va. Bd. of Med. Apr. 11, 1999)

(available at: http://abortiondocs.org/wp-content/uploads/2012/04/Kim-

VAOrder03081999.pdf) (accessed Aug. 24, 2018) – Dr. Kim failed to adequately assess a

patient to determine the age of the fetus before performing an abortion.

9.    Physicians in Idaho are already required to report the following:

- Child abuse, abandonment or neglect. Idaho Code § 16-1605(1).
- Detention of child taken into protective custody after parent/guardian cannot be contacted. Idaho Code § 16-2411(2).
- All persons treated/rehabilitation services provided. Idaho Code § 37-3105.
- Death and stillbirths. Idaho Code § 39-260(1), (4); IDAPA 16.02.08.200.04.
- Enumerated venereal diseases. Idaho Code § 39-602; IDAPA 16.02.07.006.04, 16.02.07.007.04, 16.02.07.008.05, 16.02.07.009.09.
- All positive test results for HIV antibody/antigen. Idaho Code § 39-606; IDAPA 16.02.07.004.03.
- Inflammation of eyes of newborn and whether germicide instilled into newborn's eyes. Idaho Code §§ 39-902, 39-904.
- Births and stillbirths. Idaho Code § 39-1005; IDAPA 16.02.08.200.04.
- Certain injuries relating to firearm, criminal offense (*i.e.* domestic violence). Idaho Code § 39-1390(1).
- Violations by other physicians. Idaho Code §§ 39-1393, 54-1814, 54-1818.
- Hazardous waste. *See* Idaho Code § 39-4411(1), (4).
- Abuse, neglect or exploitation of vulnerable adults. Idaho Code § 39-5303(1).
- Children born by artificial insemination. *See* Idaho Code § 39-5403(2).
- Physical condition of combatants. Idaho Code § 54-415(1).
- Treatment of cancer or reportable benign tumor. Idaho Code § 57-1705(1)(a); IDAPA 16.02.10.170.01.
- Diagnosis of blindness, with consent. Idaho Code § 67-5414.
- Reports relating to medical services, appliances and supplies as required by the Industrial Commission. *See* Idaho Code § 72-432(10).
- Diseases. IDAPA 16.02.10.020.01; *see* IDAPA 16.02.12.300.03.
- Incidents/accidents of residents at skilled nursing & immediate care facilities. IDAPA 16.03.02.100.12.e.
- Confirmed Positive Cases of biotinidase deficiency, congenital hypothyroidism, galactosemia, maple syrup urine disease, and phenylketonuria. IDAPA 16.02.12.300.03.

10.     Attached hereto as **Exhibit H** is a true and correct copy of excerpts of the Minutes of the Senate State Affairs Committee meeting on March 12, 2018 and attachments from that meeting available on the Idaho Legislature's website at:

http://lso.legislature.idaho.gov/MediaPub/2018/AgendaMinutes/180312_ssta_0800AM-Minutes.pdf (accessed Aug. 24, 2018).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:  August 24, 2018.


        */s/ Cynthia Yee-Wallace*
                  Cynthia Yee-Wallace

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 24, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Deborah A. Ferguson
daf@fergusondurham.com

Richard A. Eppink
reppink@acluidaho.org

Craig H. Durham
chd@fergusondurham.com

Molly Kafka
mkafka@acluidaho.org

Hannah Brass Greer
hannah.brassgreer@ppgnhi.org

Carrie Flaxman
carrie.flaxman@ppfa.org

_/s/  Cynthia Yee-Wallace_
CYNTHIA YEE-WALLACE
Deputy Attorney General