STATE OF FLORIDA

DIVISION OF ADMINISTRATIVE HEARINGS


DEPARTMENT OF HEALTH,
BOARD OF MEDICINE,

        Petitioner,

vs.                       CASE NO: 08-4197PL
                              2006-05930

JAMES S. PENDERGRAFT, IV, M.D.,

        Respondent.

_____/




TELEPHONIC DEPOSITION OF:

P.F.


| | |
|---|---|
| Taken by: | Greg S. Marr, Esquire |
| Date: | February 3, 2009 |
| Time: | 9:12 a.m. |
| Location: | Zora Neale Hurston Building |
| | 400 West Robinson Street |
| | South Tower |
| | Orlando, Florida |
| Reported By: | Cynthia R. Green, Court Reporter |
| | Notary Public, State of Florida |

**13597**

# NATIONAL REPORTING SERVICE
66 West Flagler Street
Suite 310
Miami, Florida 33130
(305) 373-7295 Phone   (305) 358-5444 Fax
Tax ID: 65-1138396

PRACTITIONER REGULATION
LEGAL

2009 FEB -9  AM 10: 46

February 7, 2009

Greg Marr, Esq.
Department of Health
405 2 Bald Cypress Way
Bin C-66
Tallahassee, FL 32399

> **Invoice Number**
> **10- 16502**

Re:   Date of Job: 1/22/2009
Department of Health vs. James Pendergraft, M.D.

| Description of Services | | Pgs/Qty | Rate | Extension |
|---|---|---|---|---|
| Depo copy | Depo of Jorge Gomez, M.D. | 89.00 | 3.40 | 302.60 |
| Exhibit copy (black & white) | | 789.00 | 0.25 | 197.25 |
| Miniscript | | 1.00 | 30.00 | 30.00 |
| Fedex | | 1.00 | 21.00 | 21.00 |
| | | Invoice total: | | $550.85 |



Page 1

STATE OF FLORIDA
DIVISION OF ADMINISTRATIVE HEARINGS

CERT. AREA REGISTRATION
LEGAL

2009 FEB 10 PM 2:57

DOAH CASE NO. 08-4197PL
DOH CASE NO. 2006-05930

DEPARTMENT OF HEALTH

        Petitioner,

    vs.

JAMES S. PENDERGRAFT, IV, M.D.,

        Respondent.

_____/

                        6200 Sunset Drive
                        Suite 301
                        Miami, Florida
                        Thursday, January 22, 2009
                        6:00 p.m.

        DEPOSITION OF JORGE L. GOMEZ, M.D.


        Taken by MARIA ISABEL FERNANDEZ,
Registered Professional Reporter and Notary
Public in and for the State of Florida at Large,
pursuant to Notice of Taking Deposition Duces
Tecum in the above cause.

13599



13600

## ATKINSON-BAKER
# DEPO.COM
500 NORTH BRAND BOULEVARD, THIRD FLOOR
GLENDALE, CA 91203-4725
800-288-3376  800-925-5910 fax

*1802 002*
*(Page 1 of 1)*

*Phyllis Eidson*
*PHYLLIS EIDSON*
*005 3/11/09*

2009 APR -3 AM 9: 55

Gregory Morr
Florida Department of Health
4062 Bald Cypress Way
Bin C65 - Prosecution Services Unit
Tallahassee, FL 32399-

| | |
|---|---|
| INVOICE NO. | A301CEA AA |
| FIRM NO. | 1194268 |
| INVOICE DATE | 03/20/2009 |
| DUE UPON RECEIPT | |

Please refer to the Invoice No. and your Firm No. in any correspondence.
Contact Ann Kabanjian. akabanjian@depo.com

ABI'S Federal ID No.:          95-4180037

| | |
|---|---|
| Selling Firm: | Florida Department of Health |
| Taking Attorney: | Gregory S. Morr |
| Case Name: | DOH vs James Pendergraft IV MD |
| Case No.: | 08-4197PL |
| Claim No.: | |
| Insurance Co.: | |
| Insured: | DOL: |
| Clients Ref.#1: | |
| Clients Ref.#2: | |
| Adjuster: | |
| Description: | Reporter's appearance fee for Monika Hearne, M.D., taken 3/11/2009. |

| ITEM | QTY | PRICE | LINE TOTAL |
|---|---|---|---|
| Appearance Fee | 1.00 | $ 140.00 | $ 140.00 |
| Waiting Time (hours) | 2.00 | $ 40.00 | $ 80.00 |
| PAYMENT | | | - $ 220.00 |
| BALANCE DUE | | | $ .00 |

A service fee of 1.5% per month may be added to any invoice over 30 days old.

13601

**Eidson, Phyllis**

| | |
|---|---|
| From: | Marr, Greg |
| Sent: | Monday, March 30, 2009 4:14 PM |
| To: | Eidson, Phyllis |
| Subject: | RE: Atkinson Baker Invoice |

The deponent, Dr. Monika Hearne, in Texas, was called away unexpectedly to perform surgery, and it went on longer than she anticipated. The parties waited for her to return to her office for the deposition and finally ran out of time. The deposition was rescheduled and now has been completed.

| | |
|---|---|
| From: | Eidson, Phyllis |
| Sent: | Monday, March 30, 2009 2:23 PM |
| To: | Scott, Clara |
| Cc: | Marr, Greg |
| Subject: | Atkinson Baker Invoice |

Please review the attached invoice and provide an explanation for the 2 hour wait time...Thank you, Phyllis

<< File: atkinson baker - pendergraft.pdf >>

*Phyllis Eidson*
*Administrative Assistant II*
*Prosecution Services Unit*
*4052 Bald Cypress Way, Bin #C-65*
*Tallahassee, Florida 32399-3265*
*Phone: 850-245-4640 Ext. 8217*
*Fax: 850-245-4682*
*Phyllis_Eidson@doh.state.fl.us <mailto:Phyllis_Eidson@doh.state.fl.us>*

How am I communicating? Please contact my supervisor.

*Go confidently in the direction of your dreams.*

**DOH Mission:** *Promote, protect and improve the health of all people in Florida.*
**DOH Vision:** *A healthier future for the people of Florida.*
*****************************

Please note: Florida has a very broad public records law.
Most written communications to or from state officials regarding state business are public records available to the public and media upon request. Your e-mail communications may therefore be subject to public disclosure.

1

**13602**



ATKINSON·BAKER
**DEPO.COM**
500 NORTH BRAND BOULEVARD, THIRD FLOOR
GLENDALE, CA 91203-4725
800-288-3376, 800-925-5910 fax

SANFORD RADER ASSOCIATION
LEGAL

2009 MAR 30  AM 11: 47

| | |
|---|---|
| Gregory Morr<br>Florida Department of Health<br>4052 Bald Cypress Way<br>Bin C85 - Prosecution Services Unit<br>Tallahassee, FL 32399- | Please refer to the invoice No. and your Firm No. in any correspondence.<br>Contact Ann Kabanjian<br>akabanjian@depo.com |

Please refer to the invoice No. and your Firm No. In any correspondence.

| INVOICE NO. | A301CEA AA |
|---|---|
| FIRM NO | 1194286 |
| INVOICE DATE | 03/20/2009 |
| | DUE UPON RECEIPT |

| | |
|---|---|
| AB'S Federal ID No.: | 05-4189037 |
| Setting Firm: | Florida Department of Health |
| Taking Attorney: | Gregory S. Morr |
| Case Name: | DOH vs James Pendergraft IV MD |
| Case No.: | 05-1107PL    OG 05 730 |
| Claim No.: | |
| Insurance Co.: | |
| Insured: | DOL |
| Clients Ref.#1: | |
| Clients Ref.#2: | |
| Adjuster: | |
| Description: | Reporter's appearance fee for Monika Hearne,<br>M.D., taken 3/11/2009. |

| ITEM | QTY | PRICE | LINE TOTAL |
|---|---|---|---|
| Appearance Fee | 1.00 | $ 140.00 | $ 140.00 |
| Waiting Time (hours) | 2.00 | $ 40.00 | $ 80.00 |
| PAYMENTS | | | - $ 0.00 |
| BALANCE DUE | | | $ 220.00 |

A service fee of 1.5% per month may be added to any invoice over 30 days old.

Fold and tear at this perforation, then return stub with payment.

| | | | |
|---|---|---|---|
| BALANCE DUE | $ 220.00 | For: | Reporter's appearance fee for Monika Hearne,<br>M.D., taken 3/11/2009. |
| INVOICE NO. | A301CEA AA | | |
| FIRM NO. | 1194286 | | |

From: Gregory Morr
Florida Department of Health
4052 Bald Cypress Way
Bin C85 - Prosecution Services Unit
Tallahassee, FL 32399-

Remit To: Atkinson-Baker, Inc.
500 NORTH BRAND BOULEVARD,
THIRD FLOOR
GLENDALE, CA 91203-4725

If you have already paid for this service by COD, then this invoice is for your records only.

*181 4054*
*Phyllis Eidson*
*PHyllis EIDSON*
*DOS 4/7/09*

ATKINSON-BAKER INC.
500 NORTH BRAND BOULEVARD THIRD FLOOR
GLENDALE CA 91203-4725
800-288-3376, 800-925-5510 fax
www.depo.com

Page 1 of 1

Greg S. Marr
Florida Department of Health
4052 Bald Cypress Way
Bin C65 - Prosecution Services Unit
Tallahassee, FL 32399-

Please refer to the Invoice No. and your Firm No. in any correspondence.
Contact Ann Kabonian, akabonian@depo.com

ABI'S Federal ID No.: 05-4189037

| | |
|---|---|
| **INVOICE NO.** | A302736 AA |
| **FIRM NO.** | 1194268 |
| **INVOICE DATE** | 04/03/2009 |
| **DUE UPON RECEIPT** | |

| | |
|---|---|
| Setting Firm: | Florida Department of Health |
| Taking Attorney: | Greg S. Marr |
| Case Name: | DOH v. James Pendergraft, IV, M.D. |
| Case No.: | 08-4197PL 2006-05930 |
| Claim No.: | |
| Insurance Co.: | |
| Insured: | DOL |
| Clients Ref.#1: | |
| Clients Ref.#2: | |
| Adjuster: | |
| Description: | Reporter's transcript of the deposition of Monike Hearne, M.D., taken 3/17/2009. |

| ITEM | QTY | PRICE | LINE TOTAL |
|---|---|---|---|
| Minimum O&1 Transcript | 1.00 | $ 185.00 | $ 185.00 |
| Exhibit Copies (pages) | 6.00 | $ .40 | $ 2.40 |
| CD: Ascii/etrans/PDF/exhibits | 1.00 | $ 20.00 | $ 20.00 |
| Condensed Transcript | 1.00 | $ 15.00 | $ 15.00 |
| Processing, Handling & Delivery Fee | 1.00 | $ 25.00 | $ 25.00 |
| **PAYMENT** | | | $ 247.40 |
| **BALANCE DUE** | | | $ .00 |

A service fee of 1.5% per month may be added to any Invoice over 30 days old.

13604

# Atkinson·Baker

Court Reporters

530 NORTH BRAND BOULEVARD, THIRD FLOOR
GLENDALE, CA 91203-4725
800-288-3376, 800-925-5910 fax

HEALTHCARE REGULATION
LEGAL

2009 APR 14 AM 10: 15

Greg S. Marr
Florida Department of Health
4052 Bald Cypress Way
Bin C65 - Prosecution Services Unit
Tallahassee, FL 32399-

Please refer to the Invoice No. and your Firm No. in any correspondence.
Contact Ann Kabanjian
akabanjian@duno.com

A/B'S Federal ID No.: 95-4189037

| | |
|---|---|
| Setting Firm: | Florida Department of Health |
| Taking Attorney: | Greg S. Marr |
| Case Name: | DOH v. James Pendergraft, IV, M.D. |
| Case No.: | 08-4197PL 2006-08930 |
| Claim No.: | |
| Insurance Co.: | |
| Insured: | DOL: |
| Clients Ref.#1: | |
| Clients Ref.#2: | |
| Adjuster: | |

| | |
|---|---|
| INVOICE NO. | A302736 AA |
| FIRM NO. | 1184268 |
| INVOICE DATE | 04/03/2009 |
| DUE UPON RECEIPT | |

Description: Reporter's transcript of the deposition of Monika Hearne, M.D., taken 3/17/2009.

| ITEM | QTY | PRICE | LINE TOTAL |
|---|---|---|---|
| Minimum O&1 Transcript | 1.00 | $ 185.00 | $ 185.00 |
| Exhibit Copies (pages) | 6.00 | $ .40 | $ 2.40 |
| CD: Ascii/etrans/PDF/exhibits | 1.00 | $ 20.00 | $ 20.00 |
| Condensed Transcript | 1.00 | $ 15.00 | $ 15.00 |
| Processing, Handling & Delivery Fee | 1.00 | $ 25.00 | $ 25.00 |
| PAYMENTS | | | - $ 0.00 |
| BALANCE DUE | | | $ 247.40 |

A service fee of 1.5% per month may be added to any invoice over 30 days old.

Fold and tear at this perforation, then return stub with payment.

| | | |
|---|---|---|
| BALANCE DUE | $ 247.40 | For: Reporter's transcript of the deposition of Monika Hearne, M.D., taken 3/17/2009. |
| INVOICE NO. | A302736 AA | |
| FIRM NO. | 1184268 | |

From: Greg S. Marr
Florida Department of Health
4052 Bald Cypress Way
Bin C65 - Prosecution Services Unit
Tallahassee, FL 32399-

Remit To: Atkinson-Baker, Inc.
500 NORTH BRAND BOULEVARD,
THIRD FLOOR
GLENDALE, CA 91203-4725



If you have already paid for this service by COD, then this invoice is for your records only.

13605

1           STATE OF FLORIDA

2       DIVISION OF ADMINISTRATIVE HEARINGS

3

4   DEPARTMENT OF HEALTH,        )    **CERTIFIED COPY**
    BOARD OF MEDICINE            )
5                                )
        PETITIONER,              )
6                                )
    VS.                          )
7                                )    CASE NO.
    JAMES S. PENDERGRAFT,        )    08-4197PL
8   IV, M.D.,                    )    2006-05930
                                 )
9       RESPONDENT.              )

10

11              DEPOSITION OF

12           MONIKA HEARNE, M.D.

13            ROWLETT, TEXAS

14            MARCH 17, 2009

15

16

17

18   ATKINSON-BAKER, INC.
     COURT REPORTERS
19   (800) 280-3376
     www.depo.com
20
     REPORTED BY:  KENDRA ROWLAND, CSR NO. 5500
21
     FILE NO.:  A302736
22

23

24

25

**American Court Reporting**
425 Old Magnolia Road
Crawfordville, FL 32327
850-421-0058
EIN# 03-0480854

BAKER, DONELSON, BEARMAN & CALDWELL
LEGAL

2009 APR 22  AM 11:18

# Invoice

| Date | Invoice # |
|------|-----------|
| 4/20/2009 | 09-136 |

| Bill To |
|---------|
| Department of Health
Phyllis Eidsun
4052 Bald Cypress Way
Bin - C65
Tallahassee, FL 32399 |

| Description | Amount |
|-------------|--------|
| Department of Health,
Board of Medicine
v.
James S. Pendergraft, MD

Case No.: 08-4197 PL
Date: 4/8/09
Matter: Telephone Deposition of Turiva Valez
Attorney for DOH: Greg Marr

Transcript: 44 pages @ 2.65
Postage and Delivery: affidavit attached | 116.60
4.95 |
| cg-09-66 | |

*PGU*
*4/22/09*
*4/20/09*
*4/24/09*
*Donna Brown*
*DONNA BROWN*
*131400*
*04 02 05-0-015*
*ED' PA*

| Contract 050901, Visa not accepted   *OCA: mQAPS*
*DO 1157966* | Total | $121.55 |

| **Balance Due** | $121.55 |

## AFFIDAVIT

I HEREBY CERTIFY that the April 8, 2009 deposition transcript of Turiya Velez, in the case of DOH/BOM v. James S. Pendergraft, IV, M.D., DOAH Case No.: 08-4197PL, was sent via Priority Mail to Greg S. Marr, Esquire, Tallahassee, Florida, at a rate of $4.95.

Cynthia R. Green
Cynthia R. Green, Court Reporter

CG-09-66

**13608**

1

```
 1                  STATE OF FLORIDA

 2            DIVISION OF ADMINISTRATIVE HEARINGS

 3

 4    DEPARTMENT OF HEALTH,
      BOARD OF MEDICINE,
 5
              Petitioner,
 6
      vs.                          CASE NO: 08-4197PL
 7

 8    JAMES S. PENDERGRAFT, IV, M.D.,

 9            Respondent.

10    _____/

11

12

13                  DEPOSITION OF:

14              TURIYA CARMEN VELEZ

15

16    Taken by:         Greg S. Marr, Esquire

17    Date:             April 8, 2009

18    Time:             9:22 a.m.

19    Location:         Zora Neale Hurston Building
                        400 West Robinson Street
20                      South Tower - Suite 827
                        Orlando, Florida
21
      Reported By:      Diana C. Garcia, Court Reporter
22                      Notary Public, State of Florida

23

24

25
```

American Court Reporting
407.896.1813

__13609__

**American Court Reporting**
425 Old Magnolia Road
Crawfordville, FL 32327
850-421-0058
EIN# 03-0480854

# Invoice



| Date | Invoice # |
|------|-----------|
| 4/14/2009 | 09-122 |

**Bill To**

Department of Health
Phyllis Eidson
4052 Bald Cypress Way
Bin - C65
Tallahassee, FL 32399



| Description | Amount |
|-------------|--------|
| Department of Health.<br>Board of Medicine<br>v.<br>James S. Pendergraft, MD<br><br>Case No.: 08-4197 PL<br>Date: 4/8/09<br>Matter: Telephone Deposition of Turiva Valez<br>Attorney for DOH:  Greg Marr<br><br>Appearance Fee:  9:00 a.m. - 10:14 a.m.<br><br>08-09-37 | 76.25 |
| Contract 050901. Visa not accepted | **Total**  $76.25 |

**Balance Due**  $76.25



13610

American Court Reporting
425 Old Magnolia Road
Crawfordville, FL 32327
850-421-0058
EIN# 03-0480854

PRACTITIONER REGULATION
LEGAL

2009 APR 22 AM 11: 18

# Invoice

| Date | Invoice # |
|------|-----------|
| 4/20/2009 | 09-129 |

**Bill To**

Department of Health
Phyllis Eidson
4052 Bald Cypress Way
Bin - C65
Tallahassee, FL 32399

| Description | Amount |
|-------------|--------|
| Department of Health, Board of Medicine v. James S. Pendergraft, IV, M.D. | |
| Case No.: 08-4197PL | |
| Date: March 20, 2009 | |
| Matter: Deposition of James Pendergraft, IV., M.D. | |
| Location: Orlando | |
| Attorney: Marr | |
| Appearance Fee: 12:00 noon - 4:48 p.m. | 126.00 |
| Transcript: 184 pages | 579.60 |
| Exhibits | 7.40 |
| Postage and Delivery: affidavit attached | 9.85 |
| dg-09-39/cg-09-61 | |

PSU

DATE PAYMENT   4/22/09
                4/17/09
                      4/24/09
        Donna Brown
        DONNA BROWN

131900
64-22-06-01-015

PLEASE NOTE CHANGE ON BOTTOM APPROVED

ED. PN
COA: MQAPS
DO: 1157966

| Contract 050901 | | **Total** | $722.85 |

| **Balance Due** | $722.85 |



# AFFIDAVIT

I HEREBY CERTIFY that the March 20, 2009 deposition transcript of James

S. Pendergraft, IV, M.D., in the case of DOH/BOM v. James S. Pendergraft, IV, M.D.,

DOAH Case No.: 08-4197PL, was sent via Priority Mail to Greg S. Marr, Esquire,

Tallahassee, Florida, at a rate of $9.85.

*Cynthia R. Green*
Cynthia R. Green, Court Reporter

CG-09-61

13612

1

STATE OF FLORIDA

DIVISION OF ADMINISTRATIVE HEARINGS


DEPARTMENT OF HEALTH,
BOARD OF MEDICINE,

     Petitioner,

vs.                        CASE NO: 08-4197PL
                                  2006-05930

JAMES S. PENDERGRAFT, IV, M.D.,

     Respondent.

_____/


DEPOSITION OF:

JAMES S. PENDERGRAFT, IV., M.D.


Taken by:      Greg S. Marr, Esquire

Date:         March 20, 2009

Time:         12:14 p.m.

Location:     Zora Neale Hurston Building
              400 West Robinson Street, N-312
              Orlando, Florida

Reported By:   Diana C. Garcia, Court Reporter
              Notary Public, State of Florida

13613



edule pickup right from your home or office at usps.com/pickup

t postage online - Go to usps.com/postageonline

PLEASE PRESS FIRMLY

Use

Greg S. Marr, Esquire
Florida Department of Health
Prescription Drug Monitor..
4052 Bald Cypress Wa...
Tallahassee, Florida 32399-176...

13614

*185 0195*
*Phyllis Erdson*
*P Hyllis ERDSON*
*DOS 6/5/09*

ATKINSON-BAKER  INC
500 NORTH BRAND BOULEVARD, THIRD FLOOR
GLENDALE, CA 91203-4725
800-288-3376, 800-925-5910 fax
www.depo.com

2009 JUN -3 PM 12: 02

| | |
|---|---|
| Greg S. Marr | Please refer to the Invoice No. and your Firm No. in any correspondence |
| Florida Department of Health | Contact Ann Kabanjan |
| 4052 Bald Cypress Way | akabanjan@depo.com |
| Bin C65 - Prosecution Services Unit | ABI'S Federal ID No.:         95-4169037 |
| Tallahassee, FL 32399- | |

| | |
|---|---|
| Setting Firm: | Florida Department of Health |
| Taking Attorney: | Greg S. Marr |
| Case Name: | In re Pendergraft |

| | |
|---|---|
| INVOICE NO. | A304808 AA |
| FIRM NO. | 1194288 |
| INVOICE DATE | 05/20/2009 |
| DUE UPON RECEIPT | |

Case No.:         08-4107PL ; 2008-05930
Claim No.:
Insurance Co.:
Insured:                                  DOL:
Clients Ref.#1:
Clients Ref.#2:
Adjuster:
Description:   Reporter's transcript of the deposition of Steven
                    Warsof, M.D., taken 5/14/2009. Expedited.

| ITEM | QTY | PRICE | LINE TOTAL |
|---|---|---|---|
| Pages - O&1 - Medical/Expert | 96.00 | $ 4.25 | $ 408.00 |
| Expedite: 1 working day - 100% | 96.00 | $ 4.25 | $ 408.00 |
| Exhibit Copies (pages) | 1806.00 | $ .40 | $ 722.40 |
| CD: Ascii/etrans/PDF/exhibits | 1.00 | $ 20.00 | $ 20.00 |
| Condensed Transcript | 1.00 | $ 15.00 | $ 15.00 |
| Processing & Handling Fee | 1.00 | $ 25.00 | $ 25.00 |
| Attendance, Half-Day | 1.00 | $ 150.00 | $ 150.00 |
| Hours outside normal business hours | .75 | $ 50.00 | $ 37.50 |
| UPS Overnight | 1.00 | $ 80.50 | $ 80.50 |
| | | | |
| PAYMENTS | | | - $ 0.00 |
| BALANCE DUE | | | $ 1,866.40 |

A service fee of 1.5% per month may be added to any Invoice over 30 days old.

Fold and tear at this perforation, then return stub with payment.

| | | |
|---|---|---|
| BALANCE DUE | $   1,866.40 | For:  Reporter's transcript of the deposition of |
| INVOICE NO. | A304808 AA | Steven Warsof, M.D., taken 5/14/2009. |
| FIRM NO. | 1194288 | Expedited. |

From:   Greg S. Marr                              Remit To:   Atkinson-Baker, Inc.
            Florida Department of Health                          500 NORTH BRAND BOULEVARD,
            4052 Bald Cypress Way                                 THIRD FLOOR
            Bin C65 - Prosecution Services Unit                GLENDALE, CA 91203-4725
            Tallahassee, FL 32399-

If you have already paid for this service by COD, then this Invoice is for your records only.

*PAID 6/1/09*

*DOB 6/1/09*

13615

1

1
2
3
4          STATE OF FLORIDA
           DIVISION OF ADMINISTRATIVE HEARINGS

# ORIGINAL

4   DEPARTMENT OF HEALTH,                    )
5   BOARD OF MEDICINE,                       )
                        Petitioner,          )
6                                            )
7   vs.                                      )   CASE No. 08-4197PL
                                             )                2006-05930
8   JAMES S. PENDERGRAFT, IV, M.D.,)
                        Respondent.          )
    - - - - - - - - - - - - - - - - - - - -

9
10
11
12
13                    DEPOSITION OF

14                 STEVEN WARSOF, M.D.

15              VIRGINIA BEACH, VIRGINIA

16                    May 14, 2009

17
18
19                              **The deponent read
                                corrected, and
20                              executed-this
                                deposition transcript**
21
22  ATKINSON-BAKER, INC.
    COURT REPORTERS
23  500 North Brand Boulevard, Third Floor
    Glendale, California 91203
24  (818) 551-7300
    REPORTED BY:  NANCY C. MANN
25  File No.: A304808

```
 1                      STATE OF FLORIDA
                DIVISION OF ADMINISTRATIVE HEARINGS
 2

 3

 4
     DEPARTMENT OF HEALTH,                        ORIGINAL
 5   BOARD OF MEDICINE,
                         Petitioner,
 6
     vs.
 7                                         CASE NO.  04-4139PL
     JAMES T. PENDERGRAFT, IV, M.D.,)              2008-05236
 8                        Respondent.
     ----------------------------------
 9

10
                     * * * * * * * * * * * * *
11                   * Exhibits Part 1*
                     * * * * * * * * * * * * *
12

13                        DEPOSITION OF

14                     STEVEN WARSOF, M.D.

15                  VIRGINIA BEACH, VIRGINIA

16                       May 14, 2009

17

18

19

20

21

22   ATKINSON-BAKER, INC.
     COURT REPORTERS
23   500 North Brand Boulevard, Third Floor
     Glendale, California 91203
24   (818) 551-7300
     REPORTED BY:  NANCY C. MANN
25   File No.: A304808
```

1

13617

STATE OF FLORIDA
DIVISION OF ADMINISTRATIVE HEARINGS

DEPARTMENT OF HEALTH,            )
BOARD OF MEDICINE,              )
                Petitioner,     )
                                )
vs.                             )     CASE No. 08-4197PL
                                )          2008-05930
JAMES S. PENDERGRAFT, IV, M.D.,)
                Respondent.     )
- - - - - - - - - - - - - - - - - - - - - - - -

ORIGINAL

********************
* Exhibits Part 2 *
********************

DEPOSITION OF

STEVEN WARSOF, M.D.

VIRGINIA BEACH, VIRGINIA

May 14, 2009

ATKINSON-BAKER, INC.
COURT REPORTERS
500 North Brand Boulevard, Third Floor
Glendale, California 91203
(818) 551-7300
REPORTED BY:  NANCY C. MABS
File No.: A304868

1

13618

```
1                    STATE OF FLORIDA
           DIVISION OF ADMINISTRATIVE HEARINGS
2

3

4
DEPARTMENT OF HEALTH,           )
5  BOARD OF MEDICINE,            )            ORIGINAL
                    Petitioner,  )
6                                )
   vs.                           )      CASE No. 08-4197PL
7                                )          2006-05930
   JAMES S. PENDERGRAFT, IV, M.D.,)
8                   Respondent.  )
   -------------------------------
9

10                  ******************
11                  * Exhibits Part 3*
12                  ******************

13                    DEPOSITION OF

14                  STEVEN WARSOF, M.D.

15               VIRGINIA BEACH, VIRGINIA

16                    May 14, 2009

17

18

19

20

21

22  ATKINSON-BAKER, INC.
    COURT REPORTERS
23  500 North Brand Boulevard, Third Floor
    Glendale, California 91203
24  (818) 551-7300
    REPORTED BY:  NANCY C. MANN
25  File No.: A304808
```

1

13619

**ATKINSON-BAKER, INC.**
500 NORTH BRAND BOULEVARD, THIRD FLOOR
GLENDALE, CA 91203-4725
800-288-3376, 800-925-5910 fax

Greg S. Marr
Florida Department of Health
4052 Bald Cypress Way
Bin C65 - Prosecution Services Unit
Tallahassee, FL 32399-

| | |
|---|---|
| INVOICE NO. | A304808 AA |
| FIRM NO. | 1194260 |
| INVOICE DATE | 5/20/2009 |
| DUE UPON RECEIPT | |

Please refer to the Invoice No. and your Firm No. in any correspondence.
Contact Ann Kabanjian, akabanjian@depo.com

ABI'S Federal ID No.:    95-4108037

| | |
|---|---|
| Setting Firm: | Florida Department of Health |
| Taking Attorney: | Greg S. Marr |
| Case Name: | In re Pendergraft |
| Case No.: | 08-4197PL : 2008-05930 |
| Claim No.: | |
| Insurance Co.: | |
| Insured: | DOL: |
| Clients Ref.#1: | |
| Clients Ref.#2: | |
| Adjuster: | |

Description:  Reporter's transcript of the deposition of Steven
Warsof, M.D., taken 5/14/2009. Expedited.

| ITEM | QTY | PRICE | LINE TOTAL |
|---|---|---|---|
| Pages - O&1 - Medical/Expert | 96.00 | $ 4.25 | $ 408.00 |
| Expedite:  1 working day - 100% | 96.00 | $ 4.25 | $ 408.00 |
| Exhibit Copies (pages) | 1806.00 | $ .40 | $ 722.40 |
| CD: Ascii/etrans/PDF/exhibits | 1.00 | $ 20.00 | $ 20.00 |
| Condensed Transcript | 1.00 | $ 15.00 | $ 15.00 |
| Processing & Handling Fee | 1.00 | $ 25.00 | $ 25.00 |
| Attendance, Half-Day | 1.00 | $ 150.00 | $ 150.00 |
| Hours outside normal business hours | .75 | $ 50.00 | $ 37.50 |
| UPS Overnight | 1.00 | $ 80.50 | $ 80.50 |
| PAYMENT | | | - $ 1866.40 |
| BALANCE DUE | | | $ .00 |

A service fee of 1.5% per month may be added to any invoice over 30 days old.

13620

FIRST CHOICE REPORTING SERVICES
121 S. ORANGE AVE
SUITE 800
ORLANDO FL, 32801
407-830-9044

Date: 07-10-2009 12:46:55 PM

CREDIT CARD SALE

CARD NUMBER: **********████
TRAN AMOUNT: $219.20
APPROVAL CD: 096057
CLERK ID:    Rhughes
CUST CODE:   Greg Mar
SALES TAX:   $0.00
INVOICE #:   73318

187 1567
Phyllis Gadson
PHYLLIS  EDSON
pos  5/8/09

13621



1st First-Choice
REPORTING SERVICES

# INVOICE

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 72316 | 5/7/2009 | 99610 |

| Job Date | Case No. |
|---|---|
| 5/7/2009 | 08-4197PL |

| Case Name |
|---|
| Department of Health vs Pendergraft |

Greg Marr, Esq.
Department of Health
4052 Bald Cypress Way,
Bin C-65,
Tallahassee, FL 32399-3265

| Payment Terms |
|---|
| Due upon receipt |

Deposition transcript copy of:
   Patient SB                                             219.20
      Condensed Transcript        62.00 Pages
      Postage/Handling

| TOTAL DUE >>> | $219.20 |
|---|---|
| AFTER 6/6/2009 PAY | $241.12 |

Payment is not contingent upon client reimbursement.

Tax ID: 59-347-3648                                   Phone: 850-414-9655   Fax:

*Please detach bottom portion and return with payment*

Greg Marr, Esq.
Department of Health
4052 Bald Cypress Way,
Bin C-65,
Tallahassee, FL 32399-3265

| | | | |
|---|---|---|---|
| Job No. | : 99610 | BU ID | : Orlando |
| Case No. | : 08-4197PL | | |
| Case Name | : Department of Health vs Pendergraft | | |
| Invoice No. | : 72316 | Invoice Date | : 5/7/2009 |

Total Due : $ 219.20
AFTER 6/6/2009 PAY $241.12

### PAYMENT WITH CREDIT CARD

Cardholder's Name:
Card Number:
Exp. Date:                 Phone:
Billing Address:
Zip:             Card Security Code:
Amount to Charge:
Cardholder's Signature:

Remit To: First-Choice Reporting Services, Inc.
          121 South Orange Avenue
          Suite 800
          Orlando, FL 32801

13622

First-Choice Reporting & Video Services, Inc.
www.firstchoicereporting.com

Page 1

STATE OF FLORIDA
DIVISION OF ADMINISTRATIVE HEARINGS

DOAH CASE NO.:  08-4197PL
DOH CASE NO.:  2006-05930

DEPARTMENT OF HEALTH,

      Petitioner,

-vs-

JAMES S. PENDERGRAFT, IV, M.D.,

      Respondent.

*   *   *   *   *   *   *   *   *   *   *   *   *

DEPOSITION OF:    PATIENT SB

DATE TAKEN:     MAY 1, 2009

TIME:         1:46 P.M.

PLACE:       4767 NEW BROAD STREET
           THIRD FLOOR CONFERENCE ROOM
           ORLANDO, FLORIDA

REPORTED BY:    V. A. MONTZ, RPR AND
           NOTARY PUBLIC

*   *   *   *   *   *   *   *   *   *   *   *   *

Orlando, Tampa, Melbourne, Daytona Beach & Lake County

Voice 407-830-9044                                    Fax 407-767-8166

Electronically signed by Victoria A. Montz (001-300-078-4924)

13623



PRODUCTION DEPARTMENT
FIRST FLORIDA REPORTING SERVICE
727 NORTH ORANGE AVENUE
ORLANDO  FL 32801

**2 LBS**          1 OF 1

SHIP TO:
  FRED MARR, ESQ.
  DEPARTMENT OF HEALTH
  BIN C-60
  4052 BALD CYPRESS WAY
  **TALLAHASSEE   FL 32399**

**FL 323 0-01**

**UPS NEXT DAY AIR**          **1**

TRACKING #: 1Z Y44 11X 01 4478 5481

BILLING: P/P

REF 1:09010

13624

**American Court Reporting**
425 Old Magnolia Road
Crawfordville, FL 32327
850-421-0058
EIN# 03-0480854

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/20/2009 | 09-303 |

| Bill To |
|---------|
| Department of Health |
| Phyllis Eidson |
| 4052 Bald Cypress Way |
| Bin - C65 |
| Tallahassee, FL 32399 |

| Description | Amount |
|-------------|--------|
| Department of Health, Board of Medicine v. James S. Pendergraft, IV, M.D., | |
| Case No.: 08-4197PL | |
| Date: July 10, 2009 | |
| Matter: Hearing | |
| Judge: Quattlebaum | |
| Location: Orange County | |
| Attorney: Greg Marr | |
| Appearance Fee: 9:00 a.m. - 1:35 p.m. | 152.25 |
| Transcript: 188 pages, original | 592.20 |
| Postage and Delivery: Affidavit attached | 13.70 |
| eg-09-137 | |



| | | | |
|---|---|---|---|
| | | **Total** | $758.15 |

Contract 050901. Visa not accepted

| **Balance Due** | $758.15 |
|-----------------|---------|

13625



## AFFIDAVIT

I HEREBY CERTIFY that the 07/10/09 DOAH hearing transcript in the case of DOH/BOM v. James S. Pendergraft, IV, M.D., Case No. 09-4197PL, was mailed via Priority Mail to Greg Marr, Esquire, Tallahassee, Florida, and to DOAH, Tallahassee, Florida, at a total rate of $13.70.

*Cynthia R. Green*
Cynthia R. Green, Court Reporter

*CG-09-137*

13626



373

STATE OF FLORIDA
DIVISION OF ADMINISTRATIVE HEARINGS

DEPARTMENT OF HEALTH,
BOARD OF MEDICINE,

      Petitioner,

                    CASE NO.:   08-4197PL

vs.

JAMES S. PENDERGRAFT, IV, M.D.,

      Respondent.

_____/

VOLUME IV

HEARING BEFORE:

Administrative Law Judge William F. Quattlebaum

Date:          July 10, 2009

Time:          9:00 a.m.

Location:     Zora Neale Hurston Building
                 400 West Robinson Street, N-608
                 Orlando, Florida

Reported By:   Cynthia R. Green, Court Reporter
                 Notary Public, State of Florida

CERTIFIED COPY

PRACTITIONER REGULATION
LEGAL
2009 AUG 14  PM12:12

13627



Schedule package pickup right from your home or office at usps.com/pickup

Print postage online - Go to usps.com/postageonline

PLEASE PRESS FIRMLY

PLEA

American Court Reporting
695 Bennington Circle
Winter Springs, FL 32708

Greg S. Marr, Esq.
Department of Health
4052 Bald Cypress Way
Bin C-65
Tallahassee, FL 32399-3265



Cradle to Cradle Cer
is awarded to produc
an innovative vision c
ecologically-intellige
eliminates the conce
This USPS® package
certified for its mate
recyclability, and ma
characteristics.

1805

32399

13628

American Court Reporting
425 Old Magnolia Road
Crawfordville, FL 32327
850-421-0058
EIN# 03-0480854

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/20/2009 | 09-301 |

2009 SEP 22 AM 10: 19

**Bill To**

Department of Health
Phyllis Eidson
4052 Bald Cypress Way
Bin - C65
Tallahassee, FL 32399

| Description | Amount |
|-------------|--------|
| Department of Health, Board of Medicine | |
| v. | |
| James S. Pendergraft, IV, M.D., | |
| | |
| Case No.: 08-4197PL | |
| Date: May 30-21, 2009 | |
| Matter: Hearing | |
| Judge: Quattlebaum | |
| Location: Orange County | |
| Attorney: Greg Marr | |
| | |
| Appearance Fee: 5/20/09, 9:30 a.m. - 2:17 p.m. | 189.00 |
| Appearance Fee: 5/21/09, 9:30 a.m. - 4:38 p.m. | 189.00 |
| Transcript: 97 pages, original | 305.55 |
| Transcript: 291 pages, Certified Copy | 771.15 |
| Postage and Delivery: Affidavit attached | 19.70 |
| | |
| cg-09-135 | |



*(handwritten annotations across invoice):* PSU
DATE INVOICE RECEIVED 9/22/09
DATE 6/30/09
9/24/09
Donna Brown
DONNA BROWN
131400
04-22-05-01-015
EO: PA
COA: MQAPS
DC: AOA 4FO

Contract 050901. Visa not accepted.

| Total | $1,474.40 |
|-------|-----------|

| **Balance Due** | $1,474.40 |



13629



# AFFIDAVIT

I HEREBY CERTIFY that the 05/20/09 and 5/21/09 DOAH hearing transcript in the case of DOH/BOM v. James S. Pendergraft, IV, M.D., Case No. 09-4197PL, was mailed via Priority Mail to Greg Marr, Esquire, Tallahassee, Florida, and to DOAH, Tallahassee, Florida, at a total rate of $13.70.

Cynthia R. Green
Cynthia R. Green, Court Reporter

13630

1

1    STATE OF FLORIDA
     DIVISION OF ADMINISTRATIVE HEARINGS
2

3    DEPARTMENT OF HEALTH,
     BOARD OF MEDICINE,
4
           Petitioner,
5
     vs.                        CASE NO.:  08-4197PL
6
     JAMES S. PENDERGRAFT, IV, M.D.,
7
           Respondent.
8

9    _____/

10                 VOLUME I OF III

11

12               HEARING BEFORE:

13    Administrative Law Judge William F. Quattlebaum

14

15

16   Date:

17   Time:

18   Location:

19

20   Reported By:

21

22

23

24

25

|       |                                                      |
|-------|------------------------------------------------------|
| Date: | May 20, 2009                                         |
| Time: | 9:30 p.m.                                            |
| Location: | Zora Neale Hurston Building<br>400 West Robinson Street, N-101<br>Orlando, Florida |
| Reported By: | Cynthia R. Green, Court Reporter<br>Notary Public, State of Florida |

CERTIFIED COPY

American Court Reporting
407.896.1813

**13631**

129

```
1                    STATE OF FLORIDA
              DIVISION OF ADMINISTRATIVE HEARINGS
2

3    DEPARTMENT OF HEALTH,
     BOARD OF MEDICINE,
4
             Petitioner,
5
     vs.                        CASE NO.:  08-4197PL
6
     JAMES S. PENDERGRAFT, IV, M.D.,
7
             Respondent.
8
     _____/
9

10                   VOLUME II OF III

11

12                   HEARING BEFORE:

13    Administrative Law Judge William F. Quattlebaum

14

15

16    Date:            May 21, 2009

17    Time:            9:29 p.m.

18    Location:        Zora Neale Hurston Building
                       400 West Robinson Street, N-101
19                     Orlando, Florida

20    Reported By:     Diana C. Garcia, Court Reporter
                       Notary Public, State of Florida
21

22

23

24
                              CERTIFIED COPY
25
```

American Court Reporting
407.896.1813

294

# STATE OF FLORIDA
## DIVISION OF ADMINISTRATIVE HEARINGS

DEPARTMENT OF HEALTH,
BOARD OF MEDICINE,

        Petitioner,

vs.                   CASE NO.:  08-4197PL

JAMES S. PENDERGRAFT, IV, M.D.,

        Respondent.

_____/

VOLUME III OF III

HEARING BEFORE:

Administrative Law Judge William F. Quattlebaum

Date:         May 21, 2009

Time:         9:29 p.m.

Location:     Zora Neale Hurston Building
               400 West Robinson Street, N-101
               Orlando, Florida

Reported By:  Diana C. Garcia, Court Reporter
               Notary Public, State of Florida

CERTIFIED COPY

American Court Reporting
407.896.1813

13633

# JORGE L.GOMEZ, M.D., P.A.

Invoice date May 17, 2007

DOH v. Pernergraft, M.D.
    Complaint No. 2006-05930

Review of the records provided and preparation of report        2 hour

Total        $800.00

PSU
5/21/07
5/21/07
5/22/07
NORIZA NOOR

13.1800

04-22-05-01-015
ED: PA
ODA: MGM PS

13634

# JORGE L. GOMEZ, M.D., P.A.

Invoice date: June 3, 2009

**In Re:  Complaint No. 2006-05930**

| | | |
|---|---|---|
| January 12, 2009 | Review of the medical records | 0.5 hours |
| January 13, 2009 | Telephone conference with Mr. Marr | 0.5 hours |
| January 21, 2009 | Preparation for deposition | 1.0 hours |
| April 23, 2009 | Review of copy of my deposition | 1.0 hours |
| April 1, 2009 | Review deposition of Dr. Pendergraf | 1.0 hours |
| May 17, 2009 | Review of Dr. Wm's of Deposition and preparation for hearing | 2.0 hours |
| May 20, 2009 | Travel time to Orlando | 4.0 hours |
| May 20, 2009 | Meeting with Mr. Mars | 0.5 hours |
| May 21, 2009 | Final Hearing in Orlando | 8.0 hours |
| May 22, 2009 | Final Hearing in Orlando (postponed) | 8.0 hours |
| May 22, 2009 | Travel time to Miami | 4.0 hours |

Total time:                                                              30.5 hours

Amount billed ($400 per hour):                                   $12,200.00

Please send make your payment to:
Jorge L. Gomez, M.D., P.A.
Tax ID:       65-0733836
Address:  6200 Sunset Place
              Suite 301
              Miami, Florida 33143

13635

03-11-'09 09:36  FROM-West Kendall          786-621-5303          7-177  P002/002 F-592

Invoice date:  July 15, 2009

In Re:  Complaint No. 2006-05930

| | | |
|---|---|---|
| July 09, 2009 | Travel time to Orlando | 4.0 hours |
| July 10, 2009 | Final Hearing in Orlando | 4.0 hours |
| July 10, 2009 | Travel time to Miami | 4.0 hours |

Total time:                                                    12.0 hours

Amount billed ($400 per hour):                   $4,800

Please send make your payment to:
Jorge L. Gomez, M.D., P.A..
Tax ID:       65-0723836
Address:  6200 Sunset Place
            Suite 301
            Miami, Florida 33143

13636

Steven L. Warsof, M.D.,P.C.
1080 First Colonial Rd, Suite 305
Virginia Beach, Va. 23454
757 395-8900

Ken Metzger, Esq.                                          July 31, 2009
MGF&B
1408 N. Piedmont Way
Tallahassee, Fl. 32308                        Re:DOH v Pendergraft
                                                2006-05930

Dear Att. Metzger
    This will serve as my updated  bill for deposition on the above matter. It is
now 3 months in arrears. Please forward as appropriate for payment.

| Date | Services | charges | payment | bal. |
|------|----------|---------|---------|------|
| 5/14/09 | Deposition 2 ½ hrs | $1250. | | $1250. |
| 5/31/09 | Bill Resubmitted | | | |
| 6/30/09 | Bill Resubmitted | | | |
| 7/31/09 | Bill Resubmitted | | | |

Total.................................................................................$1250.

Please remit payment to:
Steven L. Warsof, M.D.,P.C.
1080 First Colonial Rd., Suite 305
Virginia Beach, Va. 23454



Charlie Crist
Governor

Ana M. Viamonte Ros, M.D., MPH
Secretary of Health

## MEMORANDUM

**To:**   Phyllis Eldson

**From:**   Irene Lake, Regulatory Supervisor

**Re:**   DOH v. James Pendergraft, IV, MD
Invoice for Steven L. Warsorf, MD – Respondent Expert

**Date:**   August 4, 2009

I am requesting that the attached invoice be processed as after the fact.

On May 12, 2009, the attorney submitted the direct order request form to the expert witness office for Dr. Warsorf's deposition scheduled for May 14, 2009. Unfortunately, the expert office did not forward the direct order request form to you prior to the services being rendered.

Because of the time that has past, it is difficult to provide an adequate justification for why the appropriate paperwork was not in place prior to the services being rendered.

13638

# Secretary of State
### Division of Library & Information Services
### Administrative Code
### Tallahassee, FL 32399-0250



To: Department of Health
Prosecution Services Unit
4052 Bald Cypress Way, Bin C-66
Tallahassee, FL 32399-3265

**Invoice Number:** 90-1367

This Invoice Number must appear on all checks or correspondence regarding this Invoice.

**Invoice Date:** 05/07/09

| Qty. | Description | Cost per Unit | Amount |
|------|-------------|---------------|--------|
| 1 | Certified copy of Rule 64B8-9.003, F.A.C., as was in effect 8-20-02 until 9-10-08 | 8.75 | $8.75 |
| | Requested by Barbara Sample-Poole Case # 2008-05930 | | |

*(handwritten annotations:)* PSU 5/12/09  5/12/09  5/21/09  Donna Brown  DONNA BROWN  230000  64.22-05-01-015  ED PA

FEID # 59-3488885

**Total Amount Due:** $8.75

DOA: mQAPS
PO 102 7433



Please pay this invoice within 15 days and return the remittance copy with your payment. If you have questions concerning this invoice, please call 850-245-6270.

State of Florida Agencies please pay by Journal Transfer to SAMAS Account Code
45-60-2-572001-45400100-00
BF Category 001803

Customer Copy

**13639**

# Secretary of State
## Division of Library & Information Services
### Administrative Code
Tallahassee, FL 32399-0250



To:   Department of Health
Prosecution Services Unit
4052 Bald Cypress Way, Bin C-65
Tallahassee, FL 32300-3265

**Invoice Number:**          90-1368

This Invoice Number must appear on all checks or
correspondence regarding this invoice

**Invoice Date:**          05/12/09

| Qty: | Description | Cost per Unit | Amount |
|------|-------------|---------------|--------|
| 1 | Certified copy of Rule 64B8-8.001, F.A.C., as was in effect 1-4-00 until 8-12-08 | 8.75 | $8.75 |
| 11 | Pages copied | .15 | $1.65 |
| | Requested by Barbara Sample-Poole 245-4640 x 8130 Case # 2008-05930 | | |

PSU
5/20/09
5/20/09
5/21/09
*Donna Brown*
DONNA BROWN

*PLEASE NOTE CHANGE IN RULE CODES*

$10.00
6432-05-01-015

FEID # 59-3468665          E0: PA          DUA: MOAPS
DO 1027433

**Total Amount Due:**          $10.40

Please pay this invoice within 15 days and return the remittance copy with your payment.
If you have questions concerning this invoice, please call 850-245-6270.

State of Florida Agencies please pay by Journal Transfer to GAMAS Account Code
45-90-2-572001-45400100-00
BF Category 001903

*Rewd 5/20/09 PC*

Customer Copy

# 13640

**STATE OF FLORIDA**
**VOUCHER FOR REIMBURSEMENT**
**OF IN-STATE TRAVEL EXPENSES**

TRAVELER   Greg S. Marr
Address   4052 Bald Cypress Way #C-65
CHECK ONE: X  OFFICER/EMPLOYEE ___ NONEMPLOYEE IND. CONTRACTOR ___ OPS

Social Security No. _____ 8437
HEADQUARTERS   Tallahassee
RESIDENCE (CITY)   Tallahassee

| DATE | Travel Performed From Point of Origin To Destination | Purpose or Reason (Name of Conference) (Purchasing Card Description) | Hour of Departure And Hour of Return | Meals for Class A & B Travel | Per Diem or Actual Lodging Expenses | Map Mileage Claimed | Vicinity Mileage Claimed | Other Expenses Amount | Other Expenses Type | PCARD Charges |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | M | | | | | | | |
| 10/1/2008 | Tallahassee to Orlando | Interview fact witness | 9:30 A M | 30.00 | | | | | Avis Rental Car * | 105.18 |
| | | DOH v Pendergraft 2008-05530 | M | | | | | 6.75 | Toll | |
| 10/2/2008 | Orlando | File Petition to Enforce Department Subpoena | M | 36.00 | | | | 100.63 | Gas | |
| | | DOH v Pendergraft 2004-16723 | M | | | | | | Hotel | 198.99 |
| 10/3/2008 | Orlando to Tallahassee | Present cases at Board Medicine meeting | 5:15 P M | | 60.00 | | | | | |
| | | | M | | | | | | | |
| | * Avis Upgrade $ 24.16 | | M | | | | | | (b) | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | (b) | |
| | | | M | | | | | | (b) | |
| | | 537.55 | M | | | | | | | |
| | | 261.01? | M | | | | | | | |
| | | | M | | | | | | | |

Statement of Benefits to the State: (Conference or Convention)

| | Column Total | Column Total | 0 ML | Column Total | Summary Total |
|---|---|---|---|---|---|
| | | | 0.445 ML | | |
| $ | 66.00 | $ 60.00 | $ (0.00) | $ 107.38 | $ 537.55 |

TR _____   SEL _____
64-22-050-1215
EO ___ PA ___ VR ___ CF ___ OCA _ MQAPS ___
INVOICE NO. _____ TRAN DATE ___

| OBJECT | AMOUNT | OBJECT | AMOUNT | | |
|---|---|---|---|---|---|
| 261100 Per Diem | 60.00 | 261500 Air | | LESS ADVANCE RECEIVED | ($ ) |
| 261200 Meals | 100.00 | 261903 Incidentals | 107.38 | LESS NON-REIMBURSABLE ITEMS INCLUDED ON PCARD | 304.17 |
| 261300 Mileage | | 261905 Rent Car | 105.18 | NET AMOUNT DUE TRAVELER | $ 233.38 |
| 261400 Lodging | 198.99 | 261 | | NET AMOUNT DUE THE STATE | |

I hereby certify or affirm and declare that this claim for reimbursement is true and correct in every material respect; that the travel expenses were actually incurred by me as necessary in the performance of official duties; that per diem claimed has been approximately reduced by any meals or lodging included in the convention or conference registration fees claimed for trial, and that this voucher conforms in every respect with the requirements of Section 112.061, Florida Statutes.

Pursuant to Section 112.061 (3) (a), Florida Statutes, I hereby certify or affirm that to the best of my knowledge the travel was on official business of the State of Florida and was for the purpose(s) stated above.

TRAVELER'S SIGNATURE: _Greg S Marr_
SIGNATURE DATE 10/13/08   TITLE: _Assistant General Counsel_

SUPERVISOR'S SIGNATURE: _Rotary P Theo_
SUPERVISOR'S TITLE: _DGC_
SIGNATURE DATE: 10/14/08

Advance _____
Invoice No. _____
Voucher/SWD No. _____
RF Ck./Warrant No. _____
RF Ck./Warrant Date _____

Warrant No. _____
Warrant Date _____
Statewide Doc. No. _____
Agency Voucher No. _____

Preparer's Name _____ Clara Scott
Preparer's Phone No. _____ 850-245-4343 x8221
Date Prepared _____ 10/13/2008

3/4/09
09

DH E75A 09/06

13641

**STATE OF FLORIDA**
**VOUCHER FOR REIMBURSEMENT**
**OF IN-STATE TRAVEL EXPENSES**

TRAVELER   Greg S. Marr
Address   4052 Bald Cypress Way #C-65
CHECK ONE: _x_ OFFICER/EMPLOYEE _____ NONEMPLOYEE IND. CONTRACTOR _____ OPS

Social Security No. _____ 8437
HEADQUARTERS   Tallahassee
RESIDENCE (CITY)   Tallahassee

| DATE | Travel Performed From Point of Origin To Destination | Purpose or Reason (Name of Conference) (Purchasing Card Description) | Hour of Departure And Hour of Return | | Meals for Class A & B Travel | Per Diem or Actual Lodging Expenses | Map Mileage Claimed | Vicinity Mileage Claimed | Other Expenses | | PCARD Charges |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Amount | Type | |
| | | | | M | | | | | | | |
| 2/24/2009 | Tallahassee to Orlando | Traveling / Interview fact witnesses | 9:00 A | M | 30.00 | | | | | Avis Rental Car | 74.24 |
| | | DOH v Pendergrast 2006-05930 | | M | | | | | 6.75 | Toll | |
| | | | | M | | | | | 35.06 | Gas | |
| | | | | M | | | | | | Hotel | 100.00 |
| | | | 6:30 P | M | | | | | | | |
| 2/25/2009 | Orlando to Tallahassee | Depositions of witnesses | | M | 80.00 | | | | | | |
| | | DOH v Pendergrast 2006-05930 | | M | | | | | | | |
| | | | | M | | | | | | | |
| | | | | M | | | | | | | |
| | * Avis Upgrade $ 12.08 taken from | | | M | | | | | | | |
| | total amount that's due to traveler | | | M | | | | | | | |
| | | | | M | | | | | | | |
| | | | | M | | | | | | | |
| | | | | M | | | | | | | |
| | | | | M | | | | | | | |
| | | | | M | | | | | | | |
| | | | | M | | | | | | | |

Statement of Benefits to the State: (Conference or Convention)

| | Column Total | Column Total | D Mi. 0.445 Mi. | Column Total | Summary Total |
|---|---|---|---|---|---|
| | 30.00 | 80.00 | (0.00) | 41.81 | 326.05 |

TR ___ SEL ___
64-22-050-1015
EO __ PA __ VR __ CF __ OCA __ NOAPS ___
INVOICE # ___ TRAN DATE ___

| OBJECT | AMOUNT | OBJECT | AMOUNT |
|---|---|---|---|
| 261900 Per Diem | 80.00 | 261500 Air | |
| 261200 Meals | 30.00 | 261003 Incidental | 41.81 |
| 261300 Mileage | | 261005 Rent Car | 174.24 |
| 261400 Lodging | 100.00 | 261 | |

LESS ADVANCE RECEIVED
LESS NON-REIMBURSABLE ITEMS INCLUDED ON PCARD   174.24
NET AMOUNT DUE TRAVELER   $ 151.81
NET AMOUNT DUE THE STATE

I hereby certify or affirm and declare that this claim for reimbursement is true and correct in every material respect that the travel expenses were actually incurred by me as is necessary in the performance of official duties; that per diem claimed has been appropriately reduced by any meals or lodging included in the convention or conference registration fees claimed by me and that this voucher conforms in every respect with the requirements of Section 112.061, Florida Statutes.

TRAVELER'S SIGNATURE: _Greg Marr_
SIGNATURE DATE: 3/2/09   TITLE:   Assistant General Counsel

Pursuant to Section 112.061 (3) (d), Florida Statutes, I hereby certify or affirm that to the best of my knowledge the travel was on official business of the State of Florida and was for the purpose(s) stated hereon.
SUPERVISOR'S SIGNATURE: _Kathryn M. Price_
SUPERVISOR'S TITLE: _Deputy General Counsel_
SIGNATURE DATE: 3/3/09

Invoice No. ___
Voucher/SWD No. ___
PF Dt./Warrant No. ___
RF Dt./Warrant Date ___
Advance ___
Warrant No. ___
Warrant Date ___
Statewide Doc. No. ___
Agency Voucher No. ___

Preparer's Name   Clara Scott
Preparer's Phone No.   850-245-4640 x2221
Date Prepared   3/2/2009

DH 876A 09/06

13642

**STATE OF FLORIDA**
**VOUCHER FOR REIMBURSEMENT**
**OFFIN-STATE TRAVEL EXPENSES**

| | |
|---|---|
| TRAVELER | Greg S. Marr |
| Address | 4052 Bald Cypress Way #C-65 |
| CHECK ONE: x   OFFICER/EMPLOYEE | NONEMPLOYEE IND. CONTRACTOR      OPS |
| Social Security No. | 8437 |
| HEADQUARTERS | Tallahassee |
| RESIDENCE (CITY) | Tallahassee |

| DATE | Travel Performed From Point of Origin To Destination | Purpose or Reason (Name of Conference) (Purchasing Card Description) | Hour of Departure And Hour of Return | Meals for Class A & Z Travel | Per Diem or Actual Lodging Expenses | Map Mileage Claimed | Vicinity Mileage Claimed | Other Expenses | | PCARD Charges |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Amount | Type | |
| | | | M | | | | | | | |
| 3/19/2009 | Tallahassee to Orlando | Traveling | 1:30 A.M. | 30.00 | | | | | Avis Rental Car | 73.94 |
| | | DOH v Pendergraft 2006-05830 | M | | | | | 6.50 | Toll | |
| | | | M | | | | | 43.15 | Gas | |
| | | | M | | | | | | Hotel | 95.00 |
| | | | 9:00 P.M. | | | | | | | |
| 3/20/2009 | Orlando to Tallahassee | Depositions of Respondents | M | | 80.00 | | | | | |
| | | DOH v Pendergraft 2006-06830 | M | | | | | | | |
| | | Obtain Court Docket | M | | | | | | | |
| | | DOH v Pendergraft 2004-16723 | M | | | | | | | |
| | | Obtain Court Docket | M | | | | | | | |
| | | DOH v Pendergraft 2006-27204 | M | | | | | | | |
| | | | M | | | | | | | |
| | Avis Upgrade $ 12.08 taken from | | M | | | | | | | |
| | total amount that's due to traveler | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |

Statement of Benefits to the State: (Conference or Convention)

323 59
261000

| | Column Total | Column Total | O   MI. 0.445  MI. | Column Total | | Summary Total |
|---|---|---|---|---|---|---|
| | $   30.00 | $   80.00 | $   (0.00) | $   49.65 | | $   328.59 |

| TR _____ | SEL _____ |
|---|---|

64-22-050-1015

ED __ PA __ VR __ CF __ DCA __ MQAPS ____

INVOICE # _____ TRAN DATE _____

| OBJECT | AMOUNT | OBJECT | AMOUNT | | |
|---|---|---|---|---|---|
| 261100   Per Diem | 80.00 | 261500   Air | 0.00 | LESS ADVANCE RECEIVED | (s |
| 261200   Meals | 30.00 | 261003 Incidental | 49.65 | LESS NON-REIMBURSABLE ITEMS INCLUDED ON PCARD | $   (168.94) |
| 261300   Mileage | 0.00 | 261005 Rnt Car | 73.94 | NET AMOUNT DUE TRAVELER | $   147.57 |
| 261400   Lodging | 95.00 | 261 | | NET AMOUNT DUE THE STATE | |

I hereby certify or affirm and declare that this claim for reimbursement is true and correct in every material matter; that the travel expenses were actually incurred by me as necessary in the performance of official duties; that per diem claimed  has been approximately reduced by any meals or lodging included in the convention or conference registration fees claimed by me, and that this voucher conforms in every respect with the requirements of Section 112.061, Florida Statutes.

Pursuant to Section 112.061 (3) (a), Florida Statues, I hereby certify or affirm that to the best of my knowledge the travel was in official business of the State of Florida and was for the purpose(s) stated above.

TRAVELER'S SIGNATURE  *Greg Marr*

SIGNATURE DATE: 3/23/09      TITLE: Assistant General Counsel

SUPERVISOR'S SIGNATURE  *Patricia A. Price*

SUPERVISOR'S TITLE  Deputy General Counsel

SIGNATURE DATE  3/24/09

| | Advance _____ |
|---|---|
| Invoice No. _____ | Warrant No. _____ |
| Voucher/SWD No. _____ | Warrant Date _____ |
| RF Ck Warrant No. _____ | Statewide Doc. No. _____ |
| RF Ck Warrant Date _____ | Agency Voucher No. _____ |

| Preparer's Name _____ | Clara Sebat |
|---|---|
| Preparer's Phone No. | 850-245-4540 x8231 |
| Date Prepared | 3/23/2009 |

DH 673A 09/06

**13643**

HLL57A

| STATE OF FLORIDA | TRAVELER | Greg S. Marr | Social Security No. | 8437 |
|---|---|---|---|---|
| VOUCHER FOR REIMBURSEMENT | Address | 4052 Bald Cypress Way #C-65 | HEADQUARTERS | Tallahassee |
| OF IN-STATE TRAVEL EXPENSES | CHECK ONE: x OFFICER/EMPLOYEE ___ NONEMPLOYEE INC CONTRACTOR ___ OPS | | RESIDENCE (CITY) | Tallahassee |

| DATE | Travel Performed From Point of Origin To Destination | Purpose or Reason (Name of Conference) (Purchasing Card Description) | Hour of Departure and Hour of Return | Meals for Class A & B Travel | Per Diem or Actual Lodging Expenses | Map Mileage Claimed | Vicinity Mileage Claimed | Other Expenses | | PCARD Charges |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Amount | Type | |
| | | | | | | | | | Avis Rental Car * | $ 79.74 |
| 4/30/2009 | Tallahassee to Orlando | Traveling | 1:45 P M | 19.00 | | | | | | |
| | | DOH v Pensergrab 2006-05930 | M | | | | | 7.50 | Toll | |
| 5/1/2009 | Orlando | Attend and conduct depositions of Witnesses | M | | | | | 44.52 | Gas | |
| | | | M | | | | | | Hotel | 99.00 |
| 5/1/2009 | Orlando to Tallahassee | Traveling | 7:00 P M | | 80.00 | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | * Avis Upgrade $ 7.11 taken from | | M | | | | | $ | | |
| | total amount that's due to traveler | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |

329.76
2610.10

| Statement of Benefits to the State: (Conference or Convention) | | | Column Total | Column Total | 0   Mi. 0.445 M/l | Column Total | Summary Total |
|---|---|---|---|---|---|---|---|
| | | | $   19.00 | $   80.00 | $   (0.00) | $   52.02 | $329.76 |

| | | OBJECT | AMOUNT | OBJECT | AMOUNT | | |
|---|---|---|---|---|---|---|---|
| TR____ SEL____ | | 261100   Per Diem | 80.00 | | | LESS ADVANCE RECEIVED | ($        ) |
| 64-22-050-1015 | | 261200   Meals | 19.00 | 261003   Incidental | 52.02 | LESS NON-REIMBURSABLE ITEMS INCLUDED ON PCARD | $   (178.74) |
| EO__ PA__ VR__ CF__ OCA__ MOAPS____ | | 261300   Mileage | 0.00 | 261005   Rnd Car | 79.74 | NET AMOUNT DUE TRAVELER | $   151.02 |
| INVOICE #_____ TRSN DATE_____ | | 261400   Lodging | 99.00 | 261 | | NET AMOUNT DUE THE STATE | |

I hereby certify or affirm and declare that this claim for reimbursement is true and correct in every material matter, that the travel expenses were actually incurred by me as necessary in the performance of official duties; that per diem claimed has been appropriately reduced by any meals or lodging included in the convention or conference registration fees claimed by me; and that this voucher conforms in every respect with the requirements of Section, 112.061, Florida Statutes.

Pursuant to Section 112.061 (3), (2), Florida Statutes, I hereby certify or affirm that (I the best of my knowledge the travel was on official business of the State of Florida and was for the purpose(s) stated above.

| TRAVELER'S SIGNATURE: | | SUPERVISOR'S SIGNATURE: | |
|---|---|---|---|
| SIGNATURE DATE: 5/7/09 | TITLE: Assistant General Counsel | SUPERVISOR'S TITLE: | |
| | | SIGNATURE DATE: 5/5/09 | |

| | | | |
|---|---|---|---|
| | | Advance | |
| Invoice No. _____ | | Warrant No. _____ | Preparer's Name    Barbara Sample-Poole |
| Voucher/SWO No. _____ | | Warrant Date _____ | Preparer's Phone No.    850-245-4640 x9130 |
| RJ Ck Warrant No. _____ | | Statewide Doc. No. _____ | Date Prepared    5/5/2009 |
| RJ Ck Warrant Date _____ | | Agency Voucher No. _____ | |

13644



#L3435

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **STATE OF FLORIDA** | | TRAVELER | Jorge L. Gomez, M.D. | | | | Social Security No. | | | 3936 |
| **VOUCHER FOR REIMBURSEMENT** | | Address | 6200 Sunset Drive, Suite 301, Miami, FL 33145 | | | | HEADQUARTERS | Tallahassee | | |
| **OF IN-STATE TRAVEL EXPENSES** | | CHECK ONE:   OFFICER/EMPLOYEE  X   NON-EMPLOYEE IND. CONTRACTOR ____ OPS ____ | | | | | RESIDENCE (CITY)   Tallahassee | | | |

| DATE | Travel Performed From Point of Origin To Destination | Purpose or Reason (Name of Conference) (Purchasing Card Description) | Hour of Departure And Hour of Return | Meals for Class A & B Travel | Per Diem or Actual Lodging Expenses | Map Mileage Claimed | Vicinity Mileage Claimed | Other Expenses | | PCARD Charges |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Amount | Type | |
| | | | M | | | | | $ 223.39 | Mileage Personal Car | |
| 5/20/2009 | Tallahassee to Orlando | Traveling | 1:00 P M | 19.00 | | | | | | |
| | | DOH v Pendergraft 2006-06830 | M | | | | | 10.00 | Toll | |
| | | Testimony at Hearing DOAH 08-4187PL | M | | | | | 198.00 | Hotel | |
| 5/21/2009 | Orlando to Tallahassee | Traveling | 1:00P M | 40.00 | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| Statement of Benefits to the State: (Conference or Convention) | | | Column Total: | Column Total: | 0  NL Column Total: | Column Total: | | Summary Total | | |
| | | | $ 19.00 | $ 40.00 | $ 0.445 NL | $ (0.00) | $ 431.39 | | | $471.39 |

| TR ____ | SEL ____ | OBJECT | AMOUNT | OBJECT | AMOUNT | | | |
|---|---|---|---|---|---|---|---|---|
| | | 261100   Per Diem | | 261003   Incidental | | LESS ADVANCE RECEIVED | ($ ____ ) | |
| 64-22-050-1015 | | 2E1200   Meals | | 261005   Per Car | | LESS NON-REIMBURSABLE ITEMS INCLUDED ON PCARD | ($ ____ ) | |
| EO___ PA___ VR___ CF___ OCA___ MQAPS___ | | 261300   Mileage | | | | NET AMOUNT DUE TRAVELER | $ 471.39 | |
| INVOICE # ____ TRAN DATE ____ | | 261400   Lodging | | 261 | | NET AMOUNT DUE THE STATE | | |

I hereby certify or affirm and declare that this claim for reimbursement is true and correct in every material number, that the travel expenses were actually incurred by the public as necessary in the performance of official duties, that per diem, claimed, has been appropriately reduced by any meals or lodging included in the convention of conference registration fees claimed by me, and that this voucher complies in every respect with the requirements of Section 112.061, Florida Statutes.

TRAVELER'S SIGNATURE: ____

SIGNATURE DATE: 06-25-09   TITLE: Department Expert Witness

Pursuant to Section 112.061 (5) (b), Florida Statutes, I hereby certify or affirm that the travel is on official business of the State of Florida and was/or the purpose(s) stated above.

SUPERVISOR'S SIGNATURE: ____

SUPERVISOR'S TITLE: Deputy Legal Counsel

SIGNATURE DATE: June 10, 2009

Preparer's Name   Barbara Sample-Poole
Preparer's Phone No.   850-245-4640 x8130
Date Prepared ____   6/5/2009

Advance ____
Warrant No. ____
Warrant Date ____
Statewide Doc. No. ____
Agency Voucher No. ____

TR ____
Invoice No. ____
Voucher/SWD No. ____
RF Dir/Warrant No. ____
RF Dir/Warrant Date ____

DH 6764 0905

13645

**STATE OF FLORIDA**

**VOUCHER FOR REIMBURSEMENT**

**OF IN-STATE TRAVEL EXPENSES**

TRAVELER: Jorge L. Gomez, M.D.  HL34B

Address: 5200 Sunset Drive, Suite 301, Miami, FL 33143

CHECK ONE: OFFICER/EMPLOYEE **X** NONEMPLOYEE IND. CONTRACTOR ___ OPS ___

Social Security No. ▮▮▮▮▮

HEADQUARTERS: Tallahassee

RESIDENCE (CITY): Tallahassee

| DATE | Travel Performed From Point of Origin To Destination | Purpose or Reason (Name of Conference) (Purchasing Card Description) | Hour of Departure And Hour of Return | Meals for Class A & B Travel | Per Diem or Actual Lodging Expenses | Map Mileage Claimed | Vicinity Mileage Claimed | Other Expenses | | PCARD Charges |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Amount | Type | |
| | | | M | | | | | $ 223.39 | Mileage Personal Car | |
| 7/9/2009 | Miami to Orlando | Traveling | 2:00 P M | 19.00 | | | | | | |
| | | DOH v. Pendergraft 2005-05930 | M | | | | | | | |
| | | Testimony at Final Hearing DOAH 08-4197PL | M | | | | | | | |
| | | | M | | | | | 99.00 | Hotel | |
| 7/10/2009 | Orlando to Miami | Traveling | 6:00 P M | | 80.00 | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |
| | | | M | | | | | | | |

*421.39*
*261010*

| Statement of Benefits to the State: (Conference or Convention) | | | Column Total | Column Total | c Mi. 0.445 Mi. | Column Total | | | Summary Total |
|---|---|---|---|---|---|---|---|---|---|
| | | | $ 19.00 | $ 80.00 | $ (0.00) | $ 323.39 | | | $421.39 |

| OBJECT | AMOUNT | OBJECT | AMOUNT | | |
|---|---|---|---|---|---|
| 261100 Per Diem | | | | LESS ADVANCE RECEIVED | (S |
| 261200 Meals | | 261663 Incidental | | LESS NON-REIMBURSABLE ITEMS INCLUDED ON PCARD | (S |
| 261300 Mileage | | 261669 Rent Car | | NET AMOUNT DUE TRAVELER | $ 421.39 |
| | | 261 | | NET AMOUNT DUE THE STATE | |

YR _____ SEL _____

64-22-050-1015

EO___ PA___ VR___ CF___ OCA___ MQAPS_____

INVOICE # _____ TRAN DATE _____

I hereby certify or attach and declare that this claim for reimbursement is true and correct in every material matter, that the travel expenses were actually incurred by me as necessary in the performance of official duties; that per diem claimed has been appropriately reduced by any meals or lodging included in the connection of conference registration fees claimed by me, and that this voucher conforms in every respect with the requirements of Section 112.061, Florida Statutes.

TRAVELER'S SIGNATURE: _____

SIGNATURE DATE: 7/27/09  TITLE: NA Department Expert Witness

Pursuant to Section 112.061 (3)(a), Florida Statutes, I hereby certify or affirm that to the best of my knowledge the travel was on official business of the State of Florida and was for the purpose(s) stated above.

SUPERVISOR'S SIGNATURE: _____

SUPERVISOR'S TITLE: Deputy General Counsel

SIGNATURE DATE: August 3, 2009

| | | Advance _____ | |
|---|---|---|---|
| Invoice No. _____ | | Warrant No. _____ | |
| Voucher/SWD No. _____ | | Warrant Date _____ | |
| RF Ck./Warrant No. _____ | | Statewide Doc. No. _____ | |
| RF Ck./Warrant Date _____ | | Agency Voucher No. _____ | |

Preparer's Name: Barbara Sample-Poole

Preparer's Phone No. 850-245-4640 x8130

Date Prepared: 7/20/2009

*8/10/09*

DH-1276A 06/06

13646

Tab 37

STATE OF FLORIDA
DEPARTMENT OF HEALTH
BOARD OF MEDICINE

DEPARTMENT OF HEALTH,

     Petitioner,

v.

JAMES S. PENDERGRAFT, IV, M.D.,

     Respondent.

_____/

DOAH CASE NO. 08-4197PL
DOH CASE NO. 2006-05930

## RESPONDENT'S RESPONSE AND OBJECTIONS TO PETITIONER'S MOTION TO ASSESS COSTS IN ACCORDANCE WITH SECTION 456.072(4)

Respondent, James S. Pendergraft, IV, M.D. ("Respondent" or "Dr. Pendergraft"), by and through his undersigned counsel, pursuant to section 456.072(4), Florida Statutes, files Respondent's Response and Objection to Petitioner's Motion to Assess Costs in Accordance with Section 456.072(4), and in support, states:

On October 20, 2009, the Department served its Motion to Assess Costs in Accordance With Section 456.072(4) in this case. Attached to its Motion, the Department included the affidavit of Julie M. Weeks, a "Complaint Cost Summary," thirteen (13) pages entitled "Confidential Time Tracking System Itemized Cost by Complaint," two single pages, both entitled "Confidential Time Tacking System Itemized Expense by Complaint" (dated 10/05/2009 and 10/19/2009), followed by various documents in support of the alleged "expenses" itemized therein. On October 27, 2009, seven days into Respondent's response time of 10 days, the Department served its Amended Motion to Assess Costs in Accordance with Section 456.072(4) in this case.

1

13321

## OBJECTIONS IN SUPPORT OF
## DENIAL OF THE DEPARTMENT'S MOTION TO ASSESS COSTS

**Objection 1: Neither the Department nor the Board has initiated rulemaking proceedings regarding "costs" under section 456.072(4), Florida Statutes.**

Respondent's first objection to the Department's Motion to Assess Costs under section 456.072(4), Florida Statutes, is that neither the Department nor the Board has initiated rulemaking regarding these costs. The process for determining costs pursuant to section 456.072(4), Florida Statutes, requires rulemaking. *See Mohamed Ibrahim Abdel-Aziz, M.D. v. Department of Health, Board of Medicine,* DOAH Case No. 03-0295RU (Final Order, June 4, 2003). To date, the Department has not initiated rulemaking regarding section 456.072(4) costs.

This Board has been ordered to cease relying on any unpromulgated rules for determining the appropriate costs to be assessed in disciplinary cases. *Id.* In that Final Order, the Administrative Law Judge found, however, that the Board is not prohibited from assessing costs limited to traditionally recognized costs, such as court reporter fees, transcript costs, witness fees, and costs of service of process. *Id. Also see In re Hapner*, 737 So. 2d 1075 (Fla. 1999); *Winn-Dixie Stores, Inc. v. Vote*, 463 So. 2d 456 (Fla. 2d DCA 1985).

In the *Abdel-Aziz* Final Order the ALJ noted the ample examples that the Department and Board could utilize to promulgate rules to put physicians on notice as to what types of expenses are included in the phrase "costs related to the investigation and prosecution of the case." Yet neither the Department nor the Board has initiated rulemaking. The statutory language states: "Such costs related to the investigation and prosecution include, but are not limited to, salaries and benefits of personnel, costs related to the time spent by the attorney and other personnel working on the case, and any other expenses incurred by the department for the case. §456.072(4), Fla. Stat. However, there has been no rulemaking regarding the definition of the

2

terms utilized therein, or the methodology by which those costs are determined.    Instead, the Department merely offers the affidavit of a Department employee to explain the purported way which figures on an accompanying 13 page spreadsheet were compiled.

Because there is no rule that has gone through the appropriate rulemaking process to ensure its reasonableness and applicability, the *prima facie* authority and credibility of this employee to make the assertions in her affidavit and the accuracy and methodology of the generalized entries on the 13-page attachment has not been established.  The Respondent objects to the assessment of costs under section 456.072(4), in the absence of the Department and/or the Board promulgating appropriate rules which give adequate notice as to what shall constitute recoverable costs and how "salaries and benefits of personnel" and "costs related to the time spent by other personnel working on the case" shall be calculated.

**Objection II:   The Department's interpretation and use of section 456.072(4), Florida Statutes, are unconstitutional, both facially and as-applied, and violate basic principles of due process providing no _meaningful_ notice or opportunity to be heard on the issue.**

Without waiving any and all other objections, the Respondent next objects to the assessment of costs under section 456.072(4) in this case because the statute provides insufficient due process for the Department to prove and the Respondent to challenge the asserted costs by the Department, particularly those for which no guidance has been provided through rulemaking. The procedure of affidavit and objections in the statute does not provide sufficient process for determining whether the costs are lawful, reasonable, and whether the Department's asserted evidence is sufficient to support the asserted claim to costs.

> In the absence of a rule setting out a procedure for establishing the appropriate amount of such costs, fundamental fairness requires that the Board ... require [the Department] to submit to the Board and to the Respondent an itemized listing of the costs for which payment is requested and that the Respondent be given an opportunity to contest the accuracy and reasonableness of the costs

3

13323

> before the Board determines the amount of costs the Respondent
> will be required to pay.

*Dep't of Health, Bd. of Nursing v. Matus,* No. 97-1911, 1997 WL 1053326 (Fla.Div.Adm.Hrgs.)(Recommended Order), *cited in Dep't of Health, Bd. of Medicine v. Freshwater,* No. 02-2576PL, 2002 WL 31440747(Fla.Div.Adm.Hrgs.).

The Department's Motion to Assess Costs with its attachments hardly provides the Respondent his "opportunity to be heard" on the issues of accuracy and reasonableness before the Board meeting at which this case will be heard. The Board's imposition of a cost judgment against a physician without allowing the physician any opportunity to be heard is error. *Rupp v. Dep't of Health,* 936 So. 2d 790, 795 (Fla. 3d DCA 2007).

Further, there is no adequate due process when there is no mechanism for discovery or fact-finding, no requirement that this evidence be put on before the ALJ at hearing, and no authorized mechanism for the return of the matter to an ALJ for such determinations. As such, the statute leaves this decision to the Board, following the mere filing of the Department's hearsay affidavit and alleged itemized costs and the Respondent's written objections.

This lack of due process on the issue of costs is especially glaring where, as here, the "evidence" consists of an affidavit of a Department employee who neither investigated nor prosecuted this case, who is not an "expert" on the content and reasonableness of the itemized costs, and a computer generated printout of hours, codes, and descriptions of purported "activity" of investigators and prosecutors so generalized as to leave the reader at a total loss as to what services were actually performed. Respondent objects to the Board's assessment of costs under section 456.0702(4), Florida Statutes, because of the lack of due process in the statutory provision, which would allow for meaningful notice and opportunity to challenge the adequacy, accuracy and methodology of the Department's motion, affidavit and attached documentation.

4

**Objection III:  The Department failed to allege that "costs" was a penalty sought in this case and failed to put on any evidence during the administrative hearing or anywhere else in the official record of this case regarding its asserted "costs."**

Without waiving all other objections, the Respondent next objects to the assessment of costs under section 456.072(4) because the Department failed to include the imposition of costs as one of the penalties sought in this case and failed to present any evidence on costs in the administrative hearing before the Administrative Law Judge.  In the Administrative Complaint in this case, the Department pled for the imposition of one or more of the following penalties: "permanent revocation or suspension of Respondent's license, restriction of practice, imposition of an administrative fine, issuance of a reprimand, placement of the Respondent on probation, corrective action, refund of fees billed or collected, remedial education and/or any other relief that the Board deems appropriate."  Administrative Complaint, p. 10.

The Department did not place into evidence at the hearing before the ALJ any proof of the costs of the investigation and prosecution that had been incurred during the course of this matter.  Thus, in the Recommended Order, because there was no evidence regarding costs, the ALJ did not recommend any costs be assessed against the Respondent.  The Respondent objects to the assessment of costs under section 456.072(4) because costs were not pled as a penalty sought, no evidence regarding costs was presented to the ALJ, and the ALJ did not include costs in his recommended penalty.

**Objection IV:  The Department is asking the Board to consider matters that are "new evidence" contrary to provisions of Chapter 120, Florida Statutes, the Administrative Procedures Act, which governs these proceedings.**

Without waiving all other objections, the Respondent next objects to the imposition of costs under section 456.072(4) in this case because the Department's affidavit and itemized spreadsheet are impermissible "new evidence" being presented to the Board in contravention of

5

provisions of Chapter 120 governing these hearings. Section 120.57(1)(f), Florida Statutes, defines the official "record" in administrative cases "involving disputed issues of material fact," such as this one.[1] None of the articulated elements of the official record could be interpreted as authorizing the additional evidence sought to be presented to the Board in this case in the form of the Department's affidavit and attachments.

Under section 120.57(1)(f), (k), and (l), Florida Statutes, the Board is restricted to considering only that evidence adduced at hearing and may not base any determination in its final order on any evidence that was not before the Administrative Law Judge at the formal administrative hearing. *See Lieberman v. Dep't of Prof'l Regulation*, 573 So. 2d 349 (Fla. 5th DCA 1991).

Further, in its review of the decision of the ALJ, the Board is not authorized to reopen the record to receive additional evidence, and make additional findings. *Lawnwood Med. Ctr., Inc. v. Agency for Health Care Adm.*, 678 So. 2d 421, 425 (Fla. 1st DCA 1996), *citing Henderson Signs v. Fla. Dep't. of Transportation*, 397 So. 2d 769, 772 (Fla. 1st DCA 1981). Further, the Board may not use its power to take official recognition as a device to circumvent the ALJ's finding of fact by building a new record on which to make new findings. *Lawnwood, supra,*

---

[1] (f) The record in a case governed by this subsection shall consist only of:
1. All notices, pleadings, motions, and intermediate rulings.
2. Evidence admitted.
3. Those matters officially recognized.
4. Proffers of proof and objections and rulings thereon.
5. Proposed findings and exceptions.
6. Any decision, opinion, order, or report by the presiding officer.
7. All staff memoranda or data submitted to the presiding officer during the hearing or prior to its disposition... .
8. All matters placed on the record after an ex parte communication.
9. The official transcript.
§120.57(1)(f), Fla. Stat.

6

**13326**

citing *Fla. Dep't. of Transportation v. J.W.C. Co., Inc.*, 396 So. 2d 778 (Fla. 1st DCA 1989). This is especially so, where, as herein, the evidence sought to be introduced could, in the exercise of due diligence, have been offered at the original hearing. *J.W.C., supra,* at 786.

The assessment of costs under section 456.072(4) has been found to be a penalty by an ALJ:

> The [Department] is specifically authorized to assess prosecutorial costs by Subsection 456.072(4), Florida Statutes (2005), which states that costs shall be assessed "[i]n addition to any other discipline imposed through final order," clearly indicating that costs are assessed as a form of disciplinary penalty, not simply to reimburse the governmental agency for expenses.

*Dep't. of Health, Bd. of Pharmacy v. Bousquet*, 2007 WL 2300784 (Fla. Div.Adm.Hrgs.) (emphasis added). Evidence sought to be admitted before the Board on the issue of penalty is "new evidence" that should have been considered by the ALJ who is charged with formulating the recommended penalty. *See Ong v. Dep't. of Prof'l Regulation*, 565 So. 2d 1384, 1387 (Fla. 5th DCA 1990)(mitigating facts must be within the record for the Board to rely upon them in modifying a recommended penalty); *Libby Investigations v. Dep't of State, Div. of Licensing*, 685 So. 2d 69 (Fla. 1st DCA 1996) (reversible error to increase penalty where no evidence in the record that the ALJ found aggravating circumstances).

Thus, evidence in support of "facts" regarding an additional element of the penalty must be of record before the ALJ in order to be considered in the recommended penalty and in order to be considered by the Board in rejecting or modifying the penalty, including the assessment of costs. Because the alleged "facts" in the Department's affidavit and its attachments were not presented to the ALJ, the "facts" as presented to this Board are outside the official record and may not be considered by the Board in assessing costs as part of the penalty.

7

**Objection V. The Department is requesting an increase to the recommended penalty without record evidence for the Board to cite to under its review standard in section 120.57(1)(l), Florida Statutes.**

Without waiving all other objections, the Respondent next objects to the Department's Motion to Assess Costs because the Department is asking the Board to increase the penalty without the record evidence to cite to in accordance with the Board's statutory standard of review. Section 120.57(1)(l), Florida Statutes, limits the Board's consideration of the ALJ's recommended penalty by stating:

> The [Board] may accept the recommended penalty in a recommended Order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefore in the order, by citing to the record in justifying the action.

Thus, if there is no documentary or testimonial evidence in the record before the ALJ relating to costs, the Board may not increase or decrease the penalty by adding the costs pursuant to the Department's motion and inadequate supporting documentation.

**Objection VI. The Department's Motion to Assess Costs, Affidavit and Summary of Costs are insufficient to prove the amount of reasonable costs expended or necessary to prosecute this case.**

Without waiving all other objections, the Respondent objects to the Department's Motion to Assess Costs under Section 456.072(4), Florida Statutes, because section 120.57(1)(j) and relevant case law[2], costs must be established by clear and convincing evidence presented by the Department at hearing before the ALJ in order to be considered and included in the recommended penalty. The affidavit and its attachments offered to the Board by the Department as "evidence" of the Department's costs in this case are hearsay. As out-of-court statements offered to prove the truth of the matters asserted therein, these hearsay documents have not been

---

[2] *Dep't. of Banking and Finance v. Osborne Stern and Co.*, 670 So. 2d 932 (Fla. 1996; *Ferris v. Turlington*, 510 So. 2d 292 (Fla. 1987).

8

13328

shown to be trustworthy and accurate representations of the information contained therein. "Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions." §120.57(1)(c), Fla. Stat. There has been no testimonial evidence adduced at hearing to support the hearsay statements contained in these documents. *See DeMello v. Buckman*, 991 So. 2d 907 (Fla. 4th DCA 2008) *quoting Rodriguez v. Campbell*, 720 So. 2d 266, 267 (Fla. 4th DCA 1998)(Reversal and remand appropriate "[w]hen the record contains some competent substantial evidence supporting the fee or cost order, yet fails to include some essential evidentiary support such as testimony from the attorney performing the services, or testimony from additional expert witnesses...").

Further, there has been no showing that these documents are exceptions to the hearsay rules of evidence such that the Board could rely upon them to make a finding, an act which has already been shown to be out of the Board's authority under Chapter 120. There has been no demonstration that these attachments and the itemizations included represent the actual assessable costs of the investigation and prosecution incurred by the Department, especially, for example, as to the "salary and benefits of personnel." *See generally Juste v. Dep't of Health and Rehabilitative Servs.*, 520 So. 2d 69 (Fla. 5th DCA 1988); *Johnson v. Dep't of Health and Rehabilitative Servs.*, 546 So. 2d 741 (Fla. 1st DCA 1989).

Specifically, the 13-page "Time Tracking System" spreadsheet attached in support of the Department's Motion is devoid of any information to verify the expenditures it is alleged to represent. Items of alleged expenditures of time do not specify the work being done by Department employees, except in the most generalized language. The "codes" purporting to identify the employee who performed the work must be matched to a separate list that purports to

9

accurately portray which code corresponds to what employee. These documents and their content do not give sufficient detail to know what work was performed, who performed the work, whether that work was reasonable and necessary to the investigation and prosecution of this case, and whether the work done was appropriate to the level employee performing the work. Nor do these hearsay documents support or explain why it took 9 different Department attorneys to work on this case, and why the involvement of so many of the Department's legal employees was reasonable or necessary to prosecute this matter.

The Respondent objects to the Department's Motion and its attachments, and each and every item contained therein, as being hearsay insufficient, without corroborating evidence, to support any findings by the Board on the issue of assessable costs in this case. Therefore, the Board should decline to rely upon the Department's Motion and the hearsay attachments thereto as proof of the alleged assessable costs in this case.

WHEREFORE, for the foregoing reasons, Respondent respectfully requests that the Board of Medicine deny the Department's Motion to Assess Costs in Accordance With Section 456.072(4).

## OBJECTIONS IN SUPPORT OF
## REDUCTION OF COSTS SPECIFIED IN THE
## DEPARTMENT'S MOTION TO ASSESS COSTS

**Objection VII. The Department's itemized costs relating to work performed by investigative and legal staff are not actual costs, and therefore must be deleted from the total costs assessed.**

Alternatively, and without waiving any other objections, the Respondent objects to the itemized costs relating to work performed by investigative and legal staff, which are not actual costs. Instead they result from a calculation that bears no relationship to the actual cost of the staff time to the Department. Neither the Department's affidavit nor the "Complaint Cost

10

Summary" shows the actual "salary plus benefits" totals for each of the attorneys and investigators whose time appears in the itemization. The actual "salary plus benefits" totals are required so as to calculate the hourly rate at which each of these employee's time should be charged. Instead the "Complaint Cost Summary" shows an hourly "cost" rate of ranging from a low of $111.56 (2008) to $114.59 (2009) per hour for attorney time, regardless of their actual cost in terms of "salary plus benefits" as is articulated in the statutory language authorizing recovery of these "costs." Extrapolating these figures, it appears that the Department's attorneys have an annualized salary plus benefits of between $233,854.40 to $238,347.20.[3] Yet, public records demonstrate that this is not the case. These amounts far exceed the salary ranges for Department attorneys, exceed (by over 100%) the annual salaries of even the most senior experienced attorneys, and certainly exceed any conceivable calculation of "salary plus benefits," authorized by the statute. In fact the total amount billed for attorney time, $66,320.01, exceeds the annual salary of the attorney represented by the code HLL57A. For $66,320.01 to be an actual cost, one attorney would have to work full-time <u>on this case only</u> for almost a full year. The entries in the Time Tracking System indicate that this is not the case.

In summary, the hourly rates utilized by the Department were not developed through rulemaking. Because of this, the Department has not established their basis in or relationship to the actual cost of the individual attorney's salary and benefits as an hourly cost to the Department. These hourly rates – and the resultant amounts charged by the Department as the costs of employee salary and benefits – are not an accurate representation of the Department's actual "costs" of the salary and benefits for the employees whose time is itemized in the Time Tacking System Itemized Cost by Complaint printout attached to the Motion for Costs. Instead,

---

[3] The hourly rate times a 2080 work hours in a year (40 hours/week times 52 weeks/year).

13331

these amounts represent an unjust and unlawful enrichment inuring to the Department and Board. For these reasons, the cost award in this case should be reduced by the total amount on the Complaint Cost Summary for staff time: $74,177.96.

**Objection VIII. The Department's itemized costs relating to travel time by investigative and legal staff, as well as expert witnesses, cannot be included as costs, and therefore must be deleted from the total costs assessed.**

Alternatively, and without waiving any other objection, the Respondent objects to the total amount of costs in the Department's Motion to Assess Costs because the Administrative Law Judge found that the Department did not prove but two of the fifteen allegations it made in a three-count administrative complaint against Dr. Pendergraft based upon his care and treatment of Patient SB. Of the three allegations in Count III of the Administrative Complaint that Dr. Pendergraft violated section 458.331(1)(q) by improper prescribing, the Administrative Law Judge found that the Department proved <u>none</u> of the allegations. (Recommended Order ¶¶ 85, 86) Of the four allegations in Count I of the Administrative Complaint that Dr. Pendergraft violated section 458.331(1)(m), regarding medical records, the Administrative Law Judge found only a sole instance of "failing to document the removal of a portion of a fetal limb" (a not-uncommon consequence of pregnancy termination) which occurred immediately prior to Dr. Pendergraft having to arrange emergency transport for his patient to the hospital. (Recommended Order ¶¶ 42, 61.) This was an isolated omission to his notes in the heat of an emergent situation, not a willful or contumacious failure to keep adequate medical records. Of the eight Department allegations in Count II that Dr. Pendergraft violated the prevailing standard of care in his treatment of Patient SB, the ALJ found that the Department had only proven a sole infraction: his alleged failure to advise the hospital's physician during telephone conversations that a portion of the patient's fetus had been removed. (Recommended Order ¶¶ 78, 80)

12

13332

These two infractions found by the Administrative Law Judge in his Recommended Order are both essentially based on a communication breakdown during an emergent situation. Because the Department only proved 2 of the 15 allegations contained in the Administrative Complaint, the costs assessed should be prorated to reflect this fact. Therefore, the total award of costs should be reduced by 13/15s for an 87% reduction of $88,885.49. Even viewing the results in the manner most favorable to the Department, the best that can be said is that the Department prevailed on two of the three counts in the Administrative Complaint. Therefore, alternatively, the costs should be prorated in accordance with the Department's stated policy by at least one-third, resulting in a reduction of the total costs of $102,167.23 by $34,055.74.

**Objection IX.  The Department's itemized costs relating to travel time by investigative and legal staff, as well as expert witnesses, cannot be included as costs, and therefore must be deleted from the total costs assessed.**

Alternatively, and without waiving any other objection, the Respondent asserts that the all attorney, staff, and expert travel time should be excluded from the award of costs in this matter. An attorney's travel time is not to be included as an item of costs to be taxed.  *In re Amendments to Uniform Guidelines for Taxation of Costs,* 915 So. 2d 612, 615 (Fla. 2005)(and cases cited therein);[4] *see also C.B.T. Realty Corp. v. St. Andrews Cove I Condominium Assoc.,*

---

[4] Notwithstanding the paucity of guidance in section 456.072(4), Florida Statutes, Respondent asserts that the assessment of costs is controlled by case law and by the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions ("Statewide Guidelines"). The Statewide Guidelines are codified as Appendix II to the Florida Rules of Civil Procedure. The Florida Rules of Civil Procedure are applicable in these proceedings. The Statewide Guidelines have been found to be applicable to litigation involving administrative agencies. *See Dep't. of Transportation v. Skidmore,* 720 So. 2d 1125 (Fla. 4th DCA 1998).  In the *Skidmore* case, the Department of Transportation successfully argued that costs assessed against it should not include items expressly excluded by the Statewide Guidelines. *Id.* at 1130-31.   Because agencies receive the benefit of the Statewide Guidelines, they should also be held to them. Although "advisory" in nature, a lower tribunal may not ignore these guidelines in assessing costs and must do so in its "sound discretion." *Id.* at 1130.

13

13333

508 So. 2d 409 (Fla. 1st DCA 1987); *Fla. Gas Co. v. Spectra-Physics, Inc.*, 406 So. 2d 1280 (Fla. 1st DCA 1981) ("Expenses for travel time of an attorney taking a deposition are not taxable as costs, absent a special provision of contract or statute."). It follows that if attorney travel time is not included, the travel time for investigative staff should not be included in costs to be taxed. In like manner, the travel time billed by expert witnesses should not be included in an award of costs in this case.[5] Therefore the total amount of the entries for travel time must be deleted from the costs assessed in this matter. For investigators, the amount should be reduced by $702.68; for attorneys, $5,479.74; and for experts travel time (16 hours at $400.00 per hour), $6,400.00.

**Objection X. The Department's itemized travel costs by investigative and legal staff cannot be included as costs, and therefore must be deleted from the total costs assessed.**

It is an abuse of discretion to impose an award of travel expenses for trial or discovery purposes where the record does not indicate that experts or trial witnesses had to travel for trial or discovery purposes from out of state. *See Dep't. of Transportation v. Skidmore*, 720 So. 2d 1125 (Fla. 4th DCA 1998); *see also Sunshine Kitchens, Inc. v. Mallin*, 388 So. 2d 1260 (Fla. 3d DCA 1980)(Air fare expenses for counsel to attend depositions are not taxable costs.)(and cases

---

[5] The Statewide Uniform Guidelines for Taxation of Costs in Civil Actions states:

III.   Litigation Costs That Should Not Be Taxed as Costs.

    A.   The Cost of Long Distance Telephone Calls with Witnesses, both Expert and Non-Expert (including conferences concerning scheduling of depositions or requesting witnesses to attend trial)

    B.   Any Expenses Relating to Consulting But Non-Testifying Experts

    C.   Cost Incurred in Connection with Any Matter Which Was Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence

    D.   Travel Time
        1.   Travel time of attorney(s).
        2.   Travel time of experts(s).

    E.   Travel Expenses of Attorney(s)

14

13334

cited therein). Further, pursuant to the Statewide Guidelines, travel expenses of attorneys are costs that should not be assessed. *See*, fn.6 *supra*.   In light of this clear case law, the Department's staff travel expenses must be deleted from any award of costs in this case. Therefore, any award of costs should be reduced by the amounts listed on the "Time Tracking System Itemized Expense by Complaint":   $537.55, $326.05, $328.59, $329.76, $490.39, and $421.39 for a total of $2,433.73.

WHEREFORE, for the foregoing reasons, Respondent respectfully requests that the Board of Medicine reduce any award pursuant to the Department's Motion to Assess Costs in Accordance With Section 456.072(4), by the amounts specified.

Respectfully submitted,

Kenneth J. Metzger (FLB# 0341215)
Metzger, Grossman, Furlow & Bayó, LLC
1408 North Piedmont Way
Tallahassee, Florida 32308
Phone: 850.385.1314
Fax: 850.385.3953
k.metzger@mgfblaw.com

ATTORNEYS FOR RESPONDENT

15

13335

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of the foregoing Response to the Motion to Assess Costs In Accordance with Section 456.072(4) was forwarded by hand delivery for filing to R. Sam Power, Clerk, Department of Health, 4052 Bald Cypress Way, Bin C-01, Tallahassee, Florida 32399-3201 and Greg Marr, Esquire, Assistant General Counsel, Department of Health, Prosecution Services Unit, 4052 Bald Cypress Way, Bin C-65, Tallahassee, Florida 32399-3265, with a hard copy to follow by United State mail delivery, this 30th day of October, 2009.

_____
Kenneth J. Metzger

16

**13336**

FILED
DEPARTMENT OF HEALTH
DEPUTY CLERK
CLERK: *Angela Barton*
DATE ___12/1/09___

## STATE OF FLORIDA
## DEPARTMENT OF HEALTH

**DEPARTMENT OF HEALTH,**

    **PETITIONER,**

v.                      **CASE NO.: 2006-05930**

**JAMES S. PENDERGRAFT, IV, M.D.,**

    **RESPONDENT.**

_____/

## PETITIONER'S REPLY TO RESPONDENT'S RESPONSE AND OBJECTIONS TO PETITIONER'S MOTION TO ASSESS COSTS IN ACCORDANCE WITH SECTION 456.072(4)

    Petitioner, Department of Health (Department), files this Reply to Respondent's Response and Objections to Petitioner's Motion to Assess Costs in Accordance with section 456.072(4). In support, the Department states as follows:

    On October 20, 2009, the Department served by U.S. Mail and email its Motion to Assess Costs in Accordance with Section 456.072(4). Attached to its motion, the Department included the affidavit of Julie M. Weeks regarding the costs, a Complaint Cost Summary, a list of the Itemized Costs from the Department's Time Tracking System, and various receipts, invoices, and other documents related to costs of this case. The Department filed an Amended Motion to Assess Costs in Accordance with Section 456.072(4), on October 27, 2009. The amendment was made to delete some attorney time that should have been charged to training and to add additional costs incurred since the original motion was filed. Respondent filed his Response and

**13302**

Objections to Petitioner's Motion to Assess Costs in Accordance with Section 456.072(4), on October 30, 2009, and his Notice of Supplemental Authority to Respondent's Response and Objections to Petitioner's Motion to Assess Costs in Accordance with Section 456.072(4).

## Response to Objections

### Response to Objection 1: Rulemaking proceedings are not required for the assessment of costs.

Section 456.072(4) (2006),[1] reads as follows:

> In addition to any other discipline imposed through final order, or citation, entered on or after July 1, 2001, under this section or discipline imposed through final order, or citation, entered on or after July 1, 2001, for a violation of any practice act, the board, or the department when there is no board, shall assess costs related to the investigation and prosecution of the case. The costs related to the investigation and prosecution include, but are not limited to, salaries and benefits of personnel, costs related to the time spent by the attorney and other personnel working on the case, and any other expenses incurred by the department for the case. The board, or the department when there is no board, shall determine the amount of costs to be assessed after its consideration of an affidavit of itemized costs and any written objections thereto. In any case where the board or the department imposes a fine or assessment and the fine or assessment is not paid within a reasonable time, the reasonable time to be prescribed in the rules of the board, or the department when there is no board, or in the order assessing the fines or costs, the department or the Department of Legal Affairs may contract for the collection of, or bring a civil action to recover, the fine or assessment.

---

[1] The Motion to Assess Costs and Amended Motion to Assess Costs refer to the 2003 version of the statute because that is the year when the statute was last amended to include attorney's time as a cost. See ch. 2003-146, § 19, Laws of Fla. The statute did not change from 2003 until 2006 when the events underlying this case occurred.

2

Respondent argues that the Department and the Board are required to make rules regarding assessing costs. First and foremost, Respondent has missed his opportunity to assert that the Department's Motion to Assess Costs is based on an unadopted rule. Section 120.57(1)(e)(1.), Florida Statutes (2009), explains as follows:

> An agency or an administrative law judge may not base agency action that determines the substantial interests of a party on an unadopted rule. The administrative law judge shall determine whether an agency statement constitutes an unadopted rule. This subparagraph does not preclude application of adopted rules and applicable provisions of law to the facts.

The Department's Notice of Assessment of Costs, which was attached to the Administrative Complaint, clearly placed Respondent on notice that the Department has incurred costs related to the investigation and prosecution of this matter and that the Board shall assess costs related to the investigation and prosecution of this case. Therefore, Respondent had a responsibility under section 120.57(1)(e), Florida Statutes, to initiate a proceeding before the Division of Administrative Hearings before an Administrative Law Judge (ALJ) asserting that the Department's process for determining costs constitutes an unadopted rule. Had Respondent followed the appropriate procedure, this issue would have been raised in the appropriate forum. Now that the case is before the Board of Medicine at a hearing on the recommended order in a disciplinary case, it is too late to raise an issue of an unadopted rule for the first time.

Respondent inappropriately relies on Abdel-Aziz v. Department of Health, Board of Medicine, DOAH Case No. 03-0295 RU (Final Order, June 4, 2003), in support of his argument. The licensee in Abdel-Aziz appropriately initiated a rule challenge before an

3

**13304**

ALJ; the issue was not raised before the Board for the first time as is being done here. In addition, contrary to Respondent's assertion, the ALJ in Abdel-Aziz did not hold that the Department had to make rules relating to costs. In fact, the ALJ held specifically that "[h]ow the Department calculates the costs of investigation and prosecution and what the Department includes in its calculations are not rules because the Department does not impose the requested costs on the physician and cannot require the physician to pay those costs." Id. at 19. In addition, the ALJ found that the Complaint Cost Summary, the Time Tracking Report, and the methodologies were internal memoranda, which by definition were not rules.

While the ALJ held that the Board was required to make rules because it consistently included certain items as costs, including attorney's time, the statute was changed shortly after the case was decided. The prior statute (under which Abdel-Aziz was decided) provided only that the board "may assess costs related to the investigation and prosecution of the case." § 456.072(4), Fla. Stat. (2002). The statute did not provide further guidance. Subsequent to the decision in Abdel-Aziz, the statute was amended to include the following language:

> Such costs related to the investigation and prosecution include, but are not limited to, salaries and benefits of personnel, costs related to the time spent by the attorney and other personnel working on the case, and any other expenses incurred by the department for the case. The board, or the department when there in no board, shall determine the amount of costs to be assessed after its consideration of an affidavit of itemized costs and any written objections thereto.

4

Ch. 2003-146, § 19, Laws of Fla. Thus, the statute now provides what should be included in costs and the proper procedure to determine the costs. The statute is clear and there is no need for rulemaking to interpret this plain, unambiguous statute.

Respondent also relies on In re Hapner, 737 So. 2d 1075 (Fla. 1999), in support of his assertion that these costs may not be imposed because they are not "traditionally recognized costs, such as court reporter fees, transcript costs, witness fees and costs of service of process." (Objections p.2) However, Hapner is also not applicable to the case at hand as the statute has changed. In Hapner, the Judicial Qualifications Commission asked the Florida Supreme Court to assess costs in a disciplinary proceeding against a judge and asked that costs include attorney fees and travel costs. The Court noted that the Florida Constitution provided for the recovery of "costs of investigation and prosecution"—language similar to the language that existed prior to 2003 in Section 456.072(4), Florida Statutes. The Court held that because the Constitution is silent as to which costs in particular may be assessed, neither attorney fees nor travel costs could be awarded under the limited governing language contained in the Constitution. See id. at 1077-78.

In contrast, the language contained in the current version of section 456.072(4), Florida Statutes, is much more descriptive and provides for the recovery of costs "including but not limited to, the salaries and benefits of personnel, costs related to the time spent by the attorney and other personnel working on the case, and any other expenses incurred by the department for the case." Thus, this case is not like Hapner because the current version of section 456.072(4), explains what should be included in

5

costs. Neither the Department nor the Board is required to initiate rulemaking regarding costs. Therefore, Respondent's Objection I should be rejected.

**Response to Objection II: Section 456.072(4), Florida Statutes, on its face and as applied, is constitutional and does not violate due process**

In objection II, Respondent asserts that the Board's interpretation and use of section 456.072(4), Florida Statutes, in assessing costs is unconstitutional because it fails to provide Respondent with adequate due process. It is well-established that the Board is without authority to declare a statute unconstitutional either facially or as applied. See, e.g., Palm Harbor Special Fire Control Dist. v. Kelly, 516 So. 2d 249, 250 (Fla. 1987) ("[I]t is axiomatic that an administrative agency has no power to declare a statute void or otherwise unenforceable."); Lennar Homes, Inc. v. Dep't of Bus. & Prof'l Reg., Div. of Fla. Land Sales, Condos. & Mobile Homes, 888 So. 2d 50, 53 (Fla. 1st DCA 2004) ("[A]n agency does not possess the authority to determine the constitutionality of statutes."). Therefore, Respondent's Objection II should be rejected.

Despite the fact that the Board cannot rule on the constitutionality of the statute, the Department maintains that the statute and the Department's interpretation of same is constitutional. Due process is provided by the procedure laid out in the statute. The Florida Supreme Court set forth the applicable standard in Keys Citizens for Responsible Government, Inc. v. Florida Keys Aqueduct Authority, 795 So. 2d 940, 948 (Fla. 2001):

> The basic due process guarantee of the Florida Constitution provides that "[n]o person shall be deprived of life, liberty or property without due process of law." . . . Procedural due process requires both fair notice and a real opportunity to be heard. . . . [T]he notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to

6

> convey the required information, and it must afford a reasonable time for those interested to make their appearance." Further the opportunity to be heard must be "at a meaningful time and in a meaningful manner."

Id. (citations omitted). In an administrative hearing, "less stringent formalities are needed to satisfy due process concerns." Rucker v. City of Ocala, 684 So. 2d 836, 841 (Fla. 1st DCA 1996). See also Hadley v. Dep't of Admin., 411 So. 2d 184, 187 (Fla. 1982) ("[T]he formalities requisite in judicial proceedings are not necessary to meet due process requirements in the administrative process.").

The "specific parameters of the notice and opportunity to be heard required by procedural due process are not evaluated by fixed rules of law, but rather by the requirements of the particular proceeding." Henderson v. Dep't of Health, Bd. of Nursing, 954 So. 2d 77, 80 (Fla. 5th DCA 2007) (citing Gilbert v. Homar, 520 U.S. 924 (1997)). In the present proceeding, following the issuance of the Recommended Order, the Department filed its Motion to Assess Costs in Accordance with Section 456.072(4) and attached Ms. Week's affidavit and itemized costs and expenses. Respondent filed a response and objections, and Respondent will have the opportunity to present these objections to the Board at the hearing. This follows the procedure laid out in the statute and provides sufficient opportunity for Respondent to be heard at a meaningful time, in a meaningful manner, and in accordance with the statute. See id. (citing Mathews v. Eldridge, 424 U.S. 319, 333 (1976).

## Response to Objection III: The Department followed the proper procedure pursuant to statute to seek costs

In Objection III, Respondent argues that the Department failed to allege costs as a penalty sought in the case and failed to present evidence of the costs to the ALJ. This

argument fails because it ignores the plain language of section 456.072(4), Florida Statutes. See Doll v. Dep't of Health, 969 So. 2d 1103, 1106 (Fla. 1st DCA 2007) ("Section 456.072(4), Florida Statutes, controls the award of costs in this matter."). Section 456.072(4), requires the Board to assess costs in a disciplinary action and sets out the procedure the Department and the Board must follow in assessing such costs. § 456.072(4), Fla. Stat. (2005) ("[T]he board . . . shall assess costs related to the investigation and prosecution of the case. . . . The board . . . shall determine the amount of costs to be assessed after its consideration of an affidavit of itemized costs and any written objections thereto."). The Board is properly following the procedure in section 456.072(4), and the Department was not required to present evidence of costs assessed by the Board at the formal hearing. Section 456.072(4) gives the Board, not the ALJ, authority to assess costs within the parameters of the statutory language.

The Florida Legislature has clearly defined the penalties for a violation of any applicable practice act. Section 456.072(2), provides as follows:

> (a) Refusal to certify, or to certify with restrictions, an application for a license.
>
> (b) Suspension or permanent revocation of a license.
>
> (c) Restriction of practice or license, including, but not limited to, restricting the licensee from practicing in certain settings, restricting the licensee to work only under designated conditions or in certain settings, restricting the licensee from performing or providing designated clinical and administrative services, restricting the licensee from practicing more than a designated number of hours, or any other restriction found to be necessary for the protection of the public health, safety, and welfare.

8

(d) Imposition of an administrative fine not to exceed $10,000 for each count or separate offense. If the violation is for fraud or making a false or fraudulent representation, the board, or the department if there is no board, must impose a fine of $10,000 per count or offense.

(e) Issuance of a reprimand or letter of concern.

(f) Placement of the licensee on probation for a period of time and subject to such conditions as the board, or the department when there is no board, may specify. Those conditions may include, but are not limited to, requiring the licensee to undergo treatment, attend continuing education courses, submit to be reexamined, work under the supervision of another licensee, or satisfy any terms which are reasonably tailored to the violations found.

(g) Corrective action.

(h) Imposition of an administrative fine in accordance with s. 381.0261 for violations regarding patient rights.

(i) Refund of fees billed and collected from the patient or a third party on behalf of the patient.

(j) Requirement that the practitioner undergo remedial education.

It is clear from a comparison of the language found in section 456.072(2), regarding penalties, and section 456.072(4), regarding the assessment of costs, that the Legislature drew a clear distinction between what constitutes penalties to be imposed following a finding of guilt and what constitutes costs to be subsequently assessed.

Because costs are not a potential penalty to be considered by the ALJ and because costs are solely within the discretion of the Board, evidence regarding costs is improper in the administrative hearing before the ALJ. Therefore, the Department had

13310

no obligation to offer evidence regarding costs at that stage of the proceedings and Respondent's Objection III should be rejected.

### Response to Objection IV: The Department followed the proper procedure pursuant to statute to seek costs

Respondent mistakenly asserts that the Department's affidavit and attached spreadsheet filed in support of its Motion to Assess Costs constitutes impermissible "new evidence" under chapter 120. Once again, Respondent is confusing the Board's consideration of the Recommended Order, which is controlled exclusively by the record as defined is section 120.57(1)(f), Florida Statutes, with the Board's subsequent consideration of the Department's Motion to Assess Costs, which is controlled exclusively by section 456.072(4), Florida Statutes. See Doll, 969 So. 2d at 1106.

The cases cited by Respondent in support of his argument that the Department's Motion to Assess Costs constitutes new evidence have no relevance to this matter. Lieberman v. Department of Professional Regulation, 573 So. 2d 349 (Fla. 5th DCA 1991) and Lawnwood Medical Center, Inc. v. Agency for Health Care Administration, 678 So. 2d 421 (Fla. 1st DCA 1996), do not address costs under section 456.072(4). Instead, they address attempts to offer evidence under chapter 120 that should have been presented to and considered by the ALJ. As stated above, the consideration and determination of costs in this case are not governed by chapter 120 but are governed by section 456.072(4), Florida Statutes, and are solely within the purview of the Board.

Although an ALJ in Department of Health, Board of Pharmacy v. Bousquet, 2007 WL 2300784, DOAH Case Nos. 07-1436PL & 07-1437PL (Recommended Order 2007), stated that costs were a form of disciplinary penalty, that case is not binding on the

10

Board. This ALJ's language in <u>Bousquet</u> is contrary to the plain meaning of the language in section 456.072, Florida Statutes, and general law regarding the assessment of costs. Typically, costs are incident to the action and need not be asserted in a pleading. <u>See First Protective Ins. Co. v. Featherston</u>, 978 So. 2d 881, 884 (Fla. 2d DCA 2008); <u>Estate of Brock</u>, 695 So. 2d 714, 716 (Fla. 1st DCA 1996). Therefore, costs in this case did not need to be pled by the Department.[2] In addition, the ALJ in <u>Bousquet</u> was not addressing the issue of whether costs should be pled in an administrative complaint. Therefore, the Board should not be swayed by the ALJ's statement in <u>Bousquet</u>.

The Department also points out that although the costs assessment was not requested as a penalty, a "Notice Regarding Assessment of Costs" was attached to the Administrative Complaint, immediately following the Notice of Rights. The Notice reads as follows:

> Respondent is placed on notice that Petitioner has incurred costs related to the investigation and prosecution of this matter. Pursuant to Section 456.072(4), Florida Statutes, the Board shall assess costs related to the investigation and prosecution of a disciplinary matter, which may include attorney hours and costs, on the Respondent in addition to any other discipline imposed.

---

[2] The Florida Supreme Court has held that attorney's fees based on a statute must be sought in the pleadings. <u>See Stockman v. Downs</u>, 573 So. 2d 835, 837-38 (Fla. 1991). However, the Court in <u>Stockman</u> also reasoned that when the opposing party has notice of the intent to seek attorney's fees and fails to object to the fact that fees were not pled, any objection to fee entitlement is waived. <u>See id.</u> at 838; <u>see also Auglink Comm'ns, Inc. v. Canevari</u>, 932 So. 2d 338, 340-41 (Fla. 5th DCA 2006) (reasoning that fees were permissible because "in this case it is abundantly clear that there was no surprise caused by [the party's] failure to plead entitlement to attorneys' fees in his answer."); <u>Sardon Found. v. New Horizons Serv. Dogs, Inc.</u>, 852 So. 2d 416, 421 (Fla. 5th DCA 2003).

**13312**

Thus, Respondent has been on notice since the service of the Administrative Complaint that costs would be assessed.

In sum, the Department is not offering "new evidence" that should have been offered before the ALJ as part of the record of that proceeding. Therefore, Respondent's Objection IV should be rejected.

**Response to Objection V: Costs are appropriately assessed by the Board pursuant to statute and are not an increase in the recommended penalty**

For the same reasons discussed in the Department's Response to Objection IV, the Department asserts that the assessment of costs does not constitute a penalty. Therefore, the issue of the assessment of costs is not an issue to present to the ALJ, it is not part of the Recommended Order, and the costs assessment is solely within the discretion of the Board.

**Response to Objection VI:  The Department has presented competent, substantial evidence to prove the costs assessed in this case**

Respondent argues that the Department offers only hearsay evidence in support of its Motion to Assess Costs. Respondent is incorrect. As explained above, the Department followed the correct procedure in section 456.072(4), by submitting an affidavit of itemized costs, and the Board correctly considered the affidavit and its attachments.  § 456.072(4), Fla. Stat. (2005).  The Board is not bound by the Florida Evidence Code when determining the amount of costs to be assessed.  See id.

However, even if the evidence code applied, the affidavit and accompanying documents would constitute admissible hearsay under the public records exception. Section 90.803(8), Florida Statutes (2009) provides as follows:

12

Records, reports, statements reduced to writing, or data compilations, in any form, of public offices or agencies, setting forth the activities of the office or agency, or matters observed pursuant to duty imposed by law as to matters which there was a duty to report, excluding in criminal cases matters observed by a police officer or other law enforcement personnel, unless the sources of information or other circumstances show their lack of trustworthiness.

Here, the itemized cost report and itemized expense report are reports or data compilations of a public agency (the Department), which set forth the activities of the office or agency.  Cf. Yisrael v. State, 986 So. 2d 491, 498-500 (Fla. 2008) (holding that Department of Corrections' crime and time report was a public record). Together with the affidavit, the Itemized Cost Report and Itemized Expense report is self-authenticating under section 90.902(2), Florida Statutes (2005). § 90.902(2), Fla. Stat. (2005) (explaining that extrinsic evidence of authenticity as a condition precedent for admissibility is not necessary for "[a] document not bearing a seal but purporting to bear a signature of an officer or employee of any [any state], affixed in the officer's or employee's official capacity").

Accordingly, in the present case, the signed affidavit of Ms. Weeks—reviewing the data of the Time Tracking System and verifying that the amounts correspond with the Costs by Complaint report—is competent substantial evidence of the Department's costs.  See Doll, 969 So. 2d at 1106.  See also Gatlin v. State, 618 So. 2d 765, 766 (Fla. 2d DCA 1993) (observing that "the state's affidavit setting forth the costs of the prosecution falls under the exception to the hearsay rule contained in section

13314

90.803(8), Florida Statutes (1991), and was properly admitted as a statement reduced to writing setting forth the activities of the office").

Additionally, Respondent asserts that the documents and their content do not give sufficient detail to know what work was performed, who performed the work, and whether that work was reasonable and necessary to the investigation and prosecution of the case. On the contrary, however, the documents identify the people working on the case by code, it specifically lists the person, date, amount of time spent on the case, and the specific work performed on the case. The Board has the discretion to determine the amount of costs to be assessed after its consideration of these documents and the written objections as specified in the statute. These documents contain sufficient information for Respondent to raise appropriate objections. Thus, this objection should be denied.

**Response to Objection VII: The Department's costs are proper pursuant to statute**

In this objection, Respondent challenges the way the Department calculated the staff time. Respondent is arguing that the calculation of attorney's fees is improper, essentially because there was no rulemaking. Again, as explained in the response to Objection I, it is not appropriate to raise an issue regarding rulemaking before the Board in a license discipline case.

This does not constitute unlawful enrichment. The Board pays the Department for the attorney's time working on a case whether or not it gets reimbursed by the licensee. In addition, the attorneys continue to incur additional expense preparing for the Board meeting and responding to these objections that will not be assessed to

14

Respondent as costs, but still will be paid by the Board to the Department. For these reasons, Respondent's Objection VII should be rejected.

### Response to Objection VIII:[3] The Board should assess all costs of the prosecution

Respondent argues that the Board should assess only a portion of the costs because the Department did not prevail on all counts. However, the statute states as follows: "In addition to any other discipline imposed through final order . . . for a violation of any practice act, the board . . . shall assess costs related to the investigation and prosecution of the case." § 456.072(4), Fla. Stat. (2006) (emphasis added). By the plain language of the statute, costs are imposed when there is a violation of the practice act. In this case, 2 violations of the practice act were found. Thus, the Board should assess "costs related to the investigation and prosecution of the case." Id. Nothing in the language of the statute provides authority for a reduction in costs based on how many counts upon which the Department prevailed.

In addition, the suggestion that the Department prevailed on only 2 of 15 allegations is disingenuous at best. In the Administrative Complaint, the Department charged Respondent with 3 counts of violating the practice act. The Department charged that Appellant violated section 458.331(1)(m), Florida Statutes, (record-keeping); section 458.331(1)(t), Florida Statutes, (standard of care); and section 458.331(1)(q) (improper prescribing). The ALJ found a violation of section 458.331(1)(m) and 458.331(1)(t). The ALJ did not find a violation of section

---

[3] The Department notes that Objection VIII is incorrectly titled in the Objections and it does not relate to costs of travel time.

15

458.331(1)(q). Respondent incorrectly states that "the Administrative Law Judge found that the Department proved none of the allegations" regarding the charge under section 458.331(1)(q). This is simply not true. The Department proved each of the factual allegations that were disputed by Respondent. The ALJ found that Respondent ordered Demerol for the patient in this case on two occasions, that a physician must be licensed by the Drug Enforcement Administration (DEA) to administer Demerol, and that Respondent was not licensed by the DEA when he administered the Demerol to the patient in this case. (Recommended Order, pp. 5-6) The ALJ rejected Respondent's testimony that he was serving as a conduit between the medical assistant and another doctor. (Recommended Order, p. 6) Despite these findings, however, the ALJ concluded as a matter of law that these facts did not constitute improper prescribing, a conclusion the Department vehemently disputes in its Exceptions to the Recommended Order.

The point here is that the suggestion that the Department prevailed on 2 of 15 allegations is ludicrous when there were 3 counts and the Department proved the factual allegations related to improper prescribing, but the ALJ found as a matter of law that the facts did not constitute a violation of one of the statute. At most, if the Board elects to reduce the amount of costs, it should only be by 1/3, not 13/15ths.

Respondent also filed supplemental authority: the Final Order in the Department of Health v. Edison, DOH Case No., 2004-04940 (Final Order 2007), where the Board assessed only a portion of the costs requested. That case is distinguishable, however, because in that case, the Department had charged Dr. Edison with 4 counts: a violation

16

of section 458.331(1)(m), Florida Statutes (2003) (record-keeping); section
458.331(1)(t), Florida Statutes (2003) (standard of care); section 458.331(1)(q), Florida
Statutes (2003) (improper administration of drugs); and section 458.331(1)(w), Florida
Statutes (2003) (improper delegation). The Department proved only the record-keeping
violation, but did not prove that the doctor violated the standard of care, that he
improperly administered medication, or improperly delegated to his nurse. This is
different from the present case where the Respondent not only failed to keep proper
records, but he also violated the standard of care. Thus, Respondent's Exception VIII
should be rejected.

## Response to Objection IX: Costs related to travel are properly included in costs pursuant to the statute

By its title, the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions
applies in civil actions, not administrative actions. State, Department of Transportation
v. Skidmore, 720 So. 2d 1125 (Fla. 4th DCA 1998), is not applicable because even
though an agency was involved, it was not a "typical" administrative case. Instead, it
was an eminent domain case, governed by chapter 73, Florida Statutes, which
specifically states that the Rules of Civil Procedure apply in eminent domain cases. See
§ 73.012, Fla. Stat. (2009).

Even if the Statewide Uniform Guidelines for Taxation of Costs were to generally
apply to administrative actions under chapter 120, in this specific case, there is a
controlling statute regarding what costs should be assessed. The statute specifies that
"costs related to the investigation and prosecution include, but are not limited to,
salaries and benefits of personnel, costs related to the time spent by the attorney and

17

13318

other personnel working on the case, and <u>any other expenses incurred by the</u>

<u>department for the case</u>." Clearly, travel for hearings and depositions is an expense

incurred by the department for the case. Thus, Objection IX should be rejected,

**Response to Objection X; Costs related to travel are properly included in**
**costs pursuant to the statute**

This objection also relates to travel expenses and should be denied for the same

reasons explained in the Department's Response to Objection IX.

Wherefore, the Department respectfully requests that the Board of Medicine

deny Respondent's Objections to Petitioner's Motion to Assess Costs in Accordance with

Section 456.072(2).

Respectfully submitted this 1st day of December, 2009.

Greg S. Marr
Florida Bar Number 131369
Florida Department of Health
Prosecution Services Unit
4052 Bald Cypress Way, Bin C-65
Tallahassee, FL 32399-3265
(850) 245-4640 Ext. 8144
(850) 245-4681 Fax
Counsel for the Department

18

13319

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing has been furnished as a PDF document by electronic mail (k.metzger@mgfblaw.com), to Kenneth J. Metzger, Metzger, Grossman, Furlow & Bayó, LLC, 1408 North Piedmont Way, Tallahassee, FL  32308, Counsel for Respondent, this 1st day of December, 2009.

GREG S. MARR

19

FILED
DEPARTMENT OF HEALTH
DEPUTY CLERK
CLERK: Angele Barton
DATE 11/17/09

**STATE OF FLORIDA
DEPARTMENT OF HEALTH
BOARD OF MEDICINE**

RECEIVED:
DEPARTMENT OF HEALTH

09 NOV 17 PM 4: 52

OFFICE OF THE CLERK

DEPARTMENT OF HEALTH,

    Petitioner,

v.

                           **DOAH CASE NO. 08-4197PL
                           DOH CASE NO. 2006-05930**

JAMES S. PENDERGRAFT, IV, M.D.,

    Respondent.

_____/

### NOTICE OF SUPPLEMENTAL AUTHORITY TO RESPONDENT'S RESPONSE AND OBJECTIONS TO PETITIONER'S MOTION TO ASSESS COSTS IN ACCORDANCE WITH SECTION 456.072(4)

    Respondent, James S. Pendergraft, IV, M.D. submits as supplemental authority to Respondent's Response and Objection to Petitioner's Motion to Assess Costs in Accordance with Section 456.072(4), the Board of Medicine Final Order in *Department of Health v. Richard B. Edison, M.D.,* DOH Case No. 2004-04940, DOAH Case No. 2006-0598PL (Bd. of Medicine, January 5, 2007), attached as Exhibit 1.

    This decision is submitted as authority in support of point VIII in his Response, regarding prorating the assessment of costs in proportion to the number of charges in which the Department prevailed. Specifically, in the Edison Final Order, the Board stated: "The Board...imposes costs ... in the amount of $15, 696.37 which represents a quarter of the actual costs incurred ... because the Petitioner [Department] prevailed only on one (1) of the four (4) charges set forth in the administrative complaint." *Id. at p. 9.* The *Edison* Final Order demonstrates that there is Board precedent for reduction of costs based on the number of charges the Department prevailed on.

1

13337

Respectfully submitted,



_____

Kenneth J. Metzger (FLB# 0341215)
Metzger, Grossman, Furlow & Bayó, LLC
1408 North Piedmont Way
Tallahassee, Florida 32308
Phone: 850.385.1314
Fax: 850.385.3953
k.metzger@mgfblaw.com

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of the foregoing Response to the Motion to Assess Costs In Accordance with Section 456.072(4) was forwarded by hand delivery for filing to R. Sam Power, Clerk, Department of Health, 4052 Bald Cypress Way, Bin C-01, Tallahassee, Florida 32399-3201 and to Greg Marr, Esquire, Assistant General Counsel, Department of Health, Prosecution Services Unit, 4052 Bald Cypress Way, Bin C-65, Tallahassee, Florida 32399-3265, with a hard copy to follow by United State mail delivery, this __17th__ day of November, 2009.

_____

Kenneth J. Metzger

2

**13338**

Final Order No. DOH-07-2607-FOLMQA
FILED DATE - 12/20/07
Department of Health

By: _____
Deputy Agency Clerk

STATE OF FLORIDA
BOARD OF MEDICINE

DEPARTMENT OF HEALTH,

      Petitioner,

vs.                                    DOH CASE NOS.: 2004-39923
                                             2005-67224
                         DOAH CASE NO.: 06-4288PL
                         LICENSE NO.: ME0059702

JAMES S. PENDERGRAFT, IV, M.D.,

      Respondent.

_____/

## FINAL ORDER

THIS CAUSE came before the BOARD OF MEDICINE (Board) pursuant to

Sections 120.569 and 120.57(1), Florida Statutes, on November 30, 2007, in Orlando,

Florida, for the purpose of considering the Administrative Law Judge's Recommended

Order, Respondent's Exceptions to the Recommended Order, and Petitioner's

Response to Respondent's Exceptions (copies of which are attached hereto as Exhibits

A, B, and C, respectively) in the above-styled cause.  Petitioner was represented by

Irving Levine, Assistant General Counsel.  Respondent was represented by Kenneth

Metzger, Esquire, and Kathryn Kasprzak.

      Upon review of the Recommended Order, the argument of the parties, and after

a review of the complete record in this case, the Board makes the following findings

and conclusions.

## RULINGS ON EXCEPTIONS

The Board reviewed the Respondent's Exceptions to the Recommended Order and the Petitioner's Response to Respondent's Exceptions and rules as follows:

1. Exceptions to Findings of Fact: The Board denied Respondent's exceptions to the findings of fact numbered one (1) through eight (8) for the reasons sets forth in Petitioner's Response to Respondent's Exceptions.[1]

2. Exceptions to Conclusions of Law: The Board denied Respondent's exceptions to the conclusions of law numbered one (1) through twelve(12) for the reasons sets forth in Petitioner's Response to Respondent's Exceptions.

3. Exceptions to Proposed Penalties and Request for Downward Departure: The Board denied Respondent's exceptions to the proposed penalties numbered one (1) through four (4) for the reasons sets forth in Petitioner's Response to Respondent's Exceptions.

4. Exceptions to Denial of Attorney's Fees: The Board denied Respondent's exceptions to the denial of attorney's fees numbered one (1) through two (2) for the reasons sets forth in Petitioner's Response to Respondent's Exceptions.

## FINDINGS OF FACT

1. The findings of fact set forth in the Recommended Order are approved and adopted and incorporated herein by reference.

2. There is competent substantial evidence to support the findings of fact.

---

[1] When considering all the exceptions, in some instances the Board voted to deny specific exceptions based on Petitioner's written responses to the exceptions and the prosecutor's oral argument presented during the hearing before the Board. In such instances, the prosecutor's oral arguments were summaries of Petitioners written responses to the exceptions, and therefore, are not restated in this order.

## CONCLUSIONS OF LAW

1. The Board has jurisdiction of this matter pursuant to Section 120.57(1), Florida Statutes, and Chapter 458, Florida Statutes.

2. The conclusions of law set forth in the Recommended Order are approved and adopted and incorporated herein by reference.

## PENALTY

Upon a complete review of the record in this case, the Board determines that the penalty recommended by the Administrative Law Judge be ACCEPTED.

WHEREFORE, IT IS HEREBY ORDERED AND ADJUDGED:

1. Respondent shall pay an administrative fine in the amount of $10,000.00 to the Board within 30 days from the date this Final Order is filed.

2. Respondent's license to practice medicine in the State of Florida shall be SUSPENDED for a period on one year.

3. Respondent shall be placed on probation for a period of three (3) years subject to the following terms and conditions:

a. Respondent shall appear before the Probationer's Committee at the first meeting after said probation commences, at the last meeting of the Probationer's Committee preceding termination of probation, quarterly, and at such other times requested by the committee. Respondent shall be noticed by Board staff of the date, time and place of the Board's Probationer's Committee whereat Respondent's appearance is required. Failure of the Respondent to appear as requested or directed shall be considered a violation of the terms of probation, and shall subject the

Respondent to disciplinary action. <u>Unless otherwise provided in the Final Order, appearances at the Probationer's Committee shall be made quarterly.</u>

b. Respondent shall not practice except under the indirect supervision of a **board-certified** physician fully licensed under Chapter 458 to be approved by the Board's Probationer's Committee. Absent provision for and compliance with the terms regarding temporary approval of a monitoring physician set forth below, Respondent shall cease practice and not practice until the Probationer's Committee approves a monitoring physician. Respondent shall have the monitoring physician present at the first probation appearance before the Probationer's Committee. Prior to approval of the monitoring physician by the committee, the Respondent shall provide to the monitoring physician a copy of the Administrative Complaint and Final Order filed in this case. A failure of the Respondent or the monitoring physician to appear at the scheduled probation meeting shall constitute a violation of the Board's Final Order. Prior to the approval of the monitoring physician by the committee, Respondent shall submit to the committee a current curriculum vitae and description of the current practice of the proposed monitoring physician. Said materials shall be received in the Board office no later than fourteen days before the Respondent's first scheduled probation appearance. The attached definition of a monitoring physician is incorporated herein. The responsibilities of a monitoring physician shall include:

(1)Submit quarterly reports, in affidavit form, which shall include:

(A)    Brief statement of why physician is on probation.

(B)  Description of probationer's practice.

(C)  Brief statement of probationer's compliance with terms of probation.

(D)  Brief description of probationer's relationship with monitoring physician.

(E)  Detail any problems which may have arisen with probationer.

(2)  Be available for consultation with Respondent whenever necessary, at a frequency of at least once per month.

(3)  Review 25 percent of Respondent's patient records selected on a random basis at least once every month.  In order to comply with this responsibility of random review, the monitoring physician shall go to Respondent's office once every month.  At that time, the monitoring physician shall be responsible for making the random selection of the records to be reviewed by the monitoring physician.

(4)  Report to the Board any violations by the probationer of Chapter 456 and 458, Florida Statutes, and the rules promulgated pursuant thereto.

c.  In view of the need for ongoing and continuous monitoring or supervision, Respondent shall also submit the curriculum vitae and name of an alternate supervising/monitoring physician who shall be approved by Probationer's Committee. Such physician shall be licensed pursuant to Chapter 458, Florida Statutes, and shall have the same duties and responsibilities as specified for Respondent's monitoring/supervising physician during those periods of time which Respondent's monitoring/supervising physician is temporarily unable to provide supervision.  Prior to practicing under the indirect supervision of the alternate monitoring physician or the direct supervision of the alternate supervising physician, Respondent shall so advise the Board in writing.  Respondent shall further advise the Board in writing of the period of time during which Respondent shall practice under the supervision of the alternate monitoring/supervising physician.  Respondent shall not practice unless Respondent is

under the supervision of either the approved supervising/monitoring physician or the approved alternate.

    d.  CONTINUITY OF PRACTICE

    (1) TOLLING PROVISIONS.

In the event the Respondent leaves the State of Florida for a period of 30 days or more or otherwise does not or may not engage in the active practice of medicine in the State of Florida, then certain provisions of the requirements in the Final Order shall be tolled and shall remain in a tolled status until Respondent returns to the active practice of medicine in the State of Florida. **Respondent shall notify the Compliance Officer 10 days prior to his/her return to practice in the State of Florida.** Unless otherwise set forth in the Final Order, **the following requirements and only the following requirements** shall be tolled until the Respondent returns to active practice:

    (A) The time period of probation shall be tolled.

    (B) The provisions regarding supervision whether direct or indirect by the monitor/supervisor, and required reports from the monitor/supervisor shall be tolled.

    (C) Any provisions regarding community service shall be tolled.

    (2) ACTIVE PRACTICE.

In the event that Respondent leaves the active practice of medicine for a period of one year or more, the Respondent may be required to appear before the Board and demonstrate the ability to practice medicine with reasonable skill and safety to patients prior to resuming the practice of medicine in the State of Florida.

## RULING ON MOTION TO ASSESS COSTS

The Board reviewed the Petitioner's Motion to Assess Costs and; Respondent's Objection to the Motion to Assess Costs; and the Petitioner's Response to Respondent's Objection to the Motion to Assess Costs and imposes the costs associated with this case in the amount of $81,123.41. Said costs are to be paid within 30 days from the date this Final Order is filed.

This Final Order shall take effect upon being filed with the Clerk of the Department of Health.

DONE AND ORDERED this_____*18th*_____ day of __*December*__, 2007.

BOARD OF MEDICINE

Larry McPherson, Jr., Executive Director
*for* H. FRANK FARMER, JR., M.D., Chair

<u>NOTICE OF RIGHT TO JUDICIAL REVIEW</u>

A PARTY WHO IS ADVERSELY AFFECTED BY THIS FINAL ORDER IS ENTITLED TO JUDICIAL REVIEW PURSUANT TO SECTION 120.68, FLORIDA STATUTES. REVIEW PROCEEDINGS ARE GOVERNED BY THE FLORIDA RULES OF APPELLATE PROCEDURE. SUCH PROCEEDINGS ARE COMMENCED BY FILING ONE COPY OF A NOTICE OF APPEAL WITH THE AGENCY CLERK OF THE DEPARTMENT OF HEALTH AND A SECOND COPY, ACCOMPANIED BY FILING FEES PRESCRIBED BY LAW, WITH THE DISTRICT COURT OF APPEAL, FIRST DISTRICT, OR WITH THE DISTRICT COURT OF APPEAL IN THE APPELLATE DISTRICT WHERE THE PARTY RESIDES. THE NOTICE OF APPEAL MUST BE FILED WITHIN THIRTY (30) DAYS OF RENDITION OF THE ORDER TO BE REVIEWED.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Final Order

has been provided by U.S. Mail to JAMES S. PENDERGRAFT, IV, M.D.,1103 Lucerne

Terrace, Orlando, Florida 32806; to Kenneth Metzger, Esquire, Fowler, White, et al,

Post Office Box 11240, Tallahassee, Florida 32302; to Kathryn Kasprzak, Esquire,

Fowler, White, et al., 200 South Orange Avenue, Suite 1950, Orlando, Florida 32801; to

Susan B. Harrell, Administrative Law Judge, Division of Administrative Hearings, The

DeSoto Building, 1230 Apalachee Parkway, Tallahassee, Florida 32399-3060; and by

interoffice delivery to Ephraim Livingston, Department of Health, 4052 Bald Cypress

Way, Bin #C-65, Tallahassee, Florida 32399-3265 this _____ day of

_____, 2007.

<u>Deputy Agency Clerk</u>

F:\Users\ADMIN\NANCY\MED\ORD\Dec-2007\PendergraftRO.wpd

STATE OF FLORIDA
DIVISION OF ADMINISTRATIVE HEARINGS

DEPARTMENT OF HEALTH, BOARD OF )
MEDICINE,                        )
                                 )
        Petitioner,              )
                                 )
vs.                              )     Case No. 06-4288PL
                                 )
JAMES S. PENDERGRAFT, IV, M.D.,  )
                                 )
        Respondent.              )
                                 )
_____)

RECOMMENDED ORDER

Pursuant to notice, a final hearing was held in this case

on June 20 and 21, 2007, in Orlando, Florida, before Susan B.

Harrell, a designated Administrative Law Judge of the Division

of Administrative Hearings.

APPEARANCES

For Petitioner:   Irving Levine, Esquire
                  Department of Health
                  4052 Bald Cypress Way, Bin C-65
                  Tallahassee, Florida  32399-3265

For Respondent:   Kenneth J. Metzger, Esquire
                  Fowler White Boggs Banker, P.A.
                  Post Office Box 11240
                  Tallahassee, Florida  32302

                  Kathryn L. Kasprzak, Esquire
                  Fowler White Boggs Banker, P.A.
                  200 South Orange Avenue, Suite 1950
                  Orlando, Florida  32801

2052

STATEMENT OF THE ISSUES

The issues in this case are whether Respondent violated Subsections 456.072(1)(k), 458.331(1)(g), 458.331(1)(m), and 458.331(1)(t), Florida Statutes (2005),[1] and Subsections 458.331(1)(m) and 458.331(1)(t), Florida Statutes (2004), and, if so, what discipline should be imposed.

PRELIMINARY STATEMENT

On September 7, 2006, the Department of Health (Department) filed with the Board of Medicine, a six-count Administrative Complaint against Respondent, James S. Pendergraft, IV, M.D. (Dr. Pendergraft), alleging that Dr. Pendergraft violated Subsections 456.072(1)(k), 458.331(1)(g), 458.331(1)(m), and 458.331(1)(t), Florida Statutes, relating to Patient R.W., and that he violated Subsections 458.331(1)(m) and 458.331(1)(t), Florida Statutes (2004), relating to Patient T.R. Dr. Pendergraft requested an administrative hearing, and the case was forwarded to the Division of Administrative Hearings on November 3, 2006, for assignment of an Administrative Law Judge to conduct a final hearing.

The final hearing was scheduled for January 23 through 25, 2007. Several continuances were requested and granted, and the final hearing was scheduled to commence on June 20, 2007.

The Department filed a Motion for Official Recognition, which was granted by Order dated May 30, 2007. Official

2

**2053**

recognition was taken of Sections 390.011, 390.0111, 390.012, 456.50 and 797.03 and Subsections 456.072(1)(k), 458.331(1)(g), (m), and (t)1., Florida Statutes; 21 U.S. Code Sections 802, 821, 822, and 824; and 212 Code of Federal Regulations Section 1301 (subparts 1, 11 through 14, 22, 35, 36, and 76).

On June 15, 2007, the Department filed a Motion to Amend the Administrative Complaint, which was granted at the commencement of the final hearing.

The parties filed a Joint Pre-hearing Stipulation and stipulated to certain facts contained in Section E of the Joint Pre-hearing Stipulation. Those facts have been incorporated in this Recommended Order to the extent relevant.

On June 18, 2007, the Department filed a Notice stating that it would not be presenting evidence at the final hearing relating to DOH Case 2004-39923, which related to Patient T.R.

At the final hearing, the parties submitted Joint Exhibits 1 through 7, 8A, 8B, and 9 through 11, which were admitted in evidence. The Department called Dr. Pendergraft and Jorge Gomez, M.D., as witnesses. Petitioner's Exhibits 1, 2, and 3 were admitted in evidence.

Leave was granted for Petitioner to take the deposition of Zvi Harry Perper, M.D., after the final hearing. Dr. Perper was deposed via written deposition questions. Responses to the questions were filed on August 17, 2007.

2054

At the final hearing, Dr. Pendergraft called Jay Neil Plotkin, M.D., and Steven Warsof, M.D., as his witnesses. Respondent's Exhibits 1 through 7 and 9 were admitted in evidence.  Two exhibits were entered into evidence as Respondent's Exhibit 4:  the Agency for Healthcare Administration Surveyor's Notes and the deposition testimony of Dr. P.C.  For ease of reference, the surveyor notes are designated as Respondent's Exhibit 4A and the deposition of Dr. P.C. will be designated as Respondent's Exhibit 4B.

The three-volume Transcript was filed on August 13, 2007. The parties filed their Proposed Recommended Orders on September 10, 2007.  The parties' Proposed Recommended Orders have been considered in the rendering of this Recommended Order.

### FINDINGS OF FACT

1.  The Department is the state agency in Florida charged with regulating the practice of medicine pursuant to Section 20.43 and Chapters 456 and 458, Florida Statutes.

2.  At all times material to the Amended Administrative Complaint, Dr. Pendergraft has been a licensed physician in the State of Florida, having been issued license No. ME 59702. Dr. Pendergraft is board-certified in Obstetrics and Gynecology. He does not have hospital privileges in Florida.

3.  At all times material to the Amended Administrative Complaint, Dr. Pendergraft, alone or with one or more partners,

4

**2055**

owned and operated Orlando Women's Center, Inc. (OWC), a clinic located in Orlando specializing in abortions.  OWC is not a hospital.

4.  At all times relevant to the Amended Administrative Complaint, Dr. Pendergraft did not have a current, valid Drug Enforcement Administration (DEA) number.

5.  On June 3, 2005, R.W. presented to her primary care physician symptoms of weight gain, fatigue, and lack of a menstrual period for several months.  R.W. was a marathon runner and had experienced a delay in her menstrual cycle before because of her strenuous training.  She had been taking oral contraceptives.  At that time, her primary care physician did not diagnose R.W. as being pregnant.

6.  A couple of weeks after her visit with her primary care physician, R.W. still had not regained her menstrual cycle and took a home pregnancy test.  The results of the home pregnancy test were positive.  R.W. contacted her primary care physician, who ordered laboratory tests for R.W.  Laboratory tests were conducted on June 14, 2005, and June 21, 2005.  Both tests confirmed the pregnancy.

7.  R.W. was referred to Bert Fish Medical Center for an ultrasound on June 21, 2005.  The ultrasound showed that R.W. was pregnant.  The physician who prepared the diagnostic imaging report based on the ultrasound stated in the report:

5

**2056**

> There is a single intrauterine fetus with an
> estimated gestational age of 24.5 weeks.
> Positive fetal heartbeat is present at 142
> beats per minute.  However, there is severe
> oligohydiamnios with no positive fetal
> movement.

8.   Gestational age is usually calculated from the first day of the last menstrual period (LMP) of the pregnant woman. On average, the last menstrual cycle occurs two weeks prior to conception.  Thus, the gestational age that is determined by the LMP is actually two weeks more than the date of conception.[2] When the LMP is unknown, fetal measurements are used to calculate the gestational age.

9.   Oligohydramnios means a lack of amniotic fluid. Amniotic fluid is basically the fetus' urine.  A lack of amniotic fluid can be caused by the lack of kidneys or obstructed kidneys, rupture of the membranes, or a malfunction of the placenta.  The lack of amniotic fluid makes it difficult to assess the fetal measurements using ultrasound.

10.   R.W. was referred to an obstetrician, Dr. P.C., who admitted R.W. to Halifax Medical Center for routine laboratory work and an obstetrical ultrasound.  The ultrasound was performed on June 22, 2005, and showed that the fetus was in a breech presentation, there was markedly decreased amniotic fluid, the bowel was abnormal, and the ventral wall was suspicious.  Based on the ultrasound, it appeared there was

2057

gastroschisis or omphalocele.  Gastroschisis occurs when the
abdominal wall of the fetus does not close properly and the
intestines are outside the body.  Omphalocele is a herniation of
the intestines, and a sac-like structure covers the intestines
outside the abdominal wall.  The assigned gestational age
estimated by the physician reviewing the ultrasound was 25 weeks
and five days.[3]

11.   R.W. was referred to a perinatologist in Jacksonville.
Another ultrasound was performed on June 23, 2005.   The
assigned gestational age was 25 weeks and six days, which would
mean that the age of the fetus was 23 weeks and six days from
conception.[4]  The lack of amniotic fluid and the position of the
fetus made it difficult to determine the actual gestational age
of the fetus.  The perinatologist reported the following to Dr.
P.C.:

> At this time, an ultrasound examination was
> performed which showed a single living fetus
> in breech presentation.  There is no
> amniotic fluid which precluded an adequate
> examination of fetal anatomy.  The right
> kidney and bladder were visualized
> essentially excluding diagnosis of renal
> agenesis.  A normal appearing 4 chamber
> structure was seen which visually appears to
> occupy more than 50% of the chest cavity.
> This is also very difficult to evaluate due
> to the position of the baby.  There appears
> to be an anterior abdominal wall defect most
> likely a gastroschisis, however, again this
> is impossible to evaluate in great detail.

2058

Of importance and further complicating the
problems in this case, is the biometry.
Measurements of head circumference and
cerebellum are consistent with 30 weeks,
however, the femur length is consistent with
25 weeks.  The fact that this patient has
been amenorrheic since October when she
could be up to 34 weeks gestation is
significant.  We don't know the exact
gestation but it is of concern that there is
a dramatic difference between the
extremities, abdomen, and head circumference
as well as the cerebellum. This points to a
growth retardation process.  Doppler studies
of the umbilical circulation were slightly
elevated but if there had been placental
disfunction I would have expected an absent
diastolic component which was not the case.

* * *

[M]y biggest concern has to do with the
anhydramnios and the fact that we don't know
for how long this process has been active.
Pulmonary hypoplasia is a strong
consideration given the size of the chest
and the virtual absence of fluid.
Nevertheless, not knowing for how long she
has not had fluid is difficult to quote her
a risk.  The second area of concern is that
of the appearance of a structural
abnormality.  Typically gastroschisis is not
associated with a chromosomal anomaly,
however, given the discrepancies in
biometries and the absence of amniotic
fluid, I wonder if this is not a
gastroschisis or if it is, part of a more
complex situation.

12.  The perinatologist conveyed his findings to Dr. P.C.,

who discussed the situation with R.W.  R.W. decided to terminate

the pregnancy.  The office notes of Dr. P.C. stated, "It was

8

**2059**

felt by me and my partners that facilitating delivery of this
non-viable child was appropriate." Dr. P.C. called
Dr. Pendergraft to discuss the case. Dr. Pendergraft agreed to
help, and Dr. P.C. gathered R.W.'s medical records to send to
Dr. Pendergraft.

13. On July 7, 2005, R.W. presented to Dr. Pendergraft at
OWC. R.W. filled out an information sheet and listed the first
day of her last normal period as January 5, 2005.[5] R.W. filled
out the appropriate consent forms, which a counselor reviewed
with her. R.W.'s vital signs were taken and laboratory tests
were performed by staff at OWC.

14. Dr. Pendergraft's notes stated that the sonogram
showed severe growth restriction of the fetus. He further
indicated that there was a possibility of severe pulmonary
hypoplasia and risk of life-threatening sudden health issues or
probable fetal, prenatal demise. Dr. Pendergraft wrote in his
notes that R.W.'s PMD OB/GYN physician concurred with the
maternal health reasons for the termination of the pregnancy.

15. On July 7, 2005,[6] at approximately 4:27 p.m.,
Dr. Pendergraft administered Digoxin into the heart of the fetus
to stop the fetal heart beat. Dr. Pendergraft and his medical
assistant, S.M., monitored the fetal heart beat using a sonogram
until the fetal heart stopped. The procedure was documented on
a form used by the OWC entitled "Second Trimester Medical

9

Procedure."  On the form, it is noted that the patient was evaluated on July 7, 2005, and found to be 27 to 28 weeks pregnant, which is 25 to 26 weeks from conception.  According to T.S., a medical assistant employed by Dr. Pendergraft, the handwriting which indicates the estimated length of the pregnancy belongs to Dr. Perper, a colleague of Dr. Pendergraft. Both Dr. Perper and Dr. Pendergraft signed the form.

16.  After the Digoxin procedure was completed, R.W. was taken to a private room and given Cytotec to induce labor.  S.M. continued to administer Cytotec and monitor R.W. until 8:30 p.m., when T.S. relieved S.M.

17.  At approximately 12:30 a.m., on July 8, 2005, R.W. developed a fever and the administration of Cytotec was discontinued.  T.S. administered Ibuprofen to R.W. to lower the fever.

18.  At 1:30 a.m., T.S. noted that R.W. was having some cramping.  T.S. wrote the following in the progress notes:  "I have a standing order from Dr. Pendergraft for 2 cc Demerol [with] 1 cc Phenergran."  This order was to alleviate the pain from the cramping.  At the final hearing, T.S. stated that the note was not totally accurate, because the standing order was from Dr. Perper and not Dr. Pendergraft because Dr. Pendergraft did not have DEA authorization.  She attributes the error in her notes to her 20-year working relationship with Dr. Pendergraft

2061

and her automatically thinking of Dr. Pendergraft in terms of standing orders. The standing order itself was not submitted into evidence. The evidence is not clear and convincing that Dr. Pendergraft gave the standing order for the Demerol and Phenergan.

19. At 4:30 a.m., the cramping had increased. T.S. gave R.W. an injection of 2 cc of Demerol with 1 cc of Phenergran. At 6:30 a.m., R.W. delivered the fetus and placenta at the same time inside an empty water sack. The products of conception, which included the fetus, membranes, and placenta weighed 800 grams. The weight of the products of conception was recorded on a form used by the OWC, entitled "Clinic Examination of Products of Conception." The form listed the preoperative estimate of gestational age to be 28 weeks, which would be 26 weeks from conception. Dr. Pendergraft was one of the signatories on the form.

20. Dr. Pendergraft charged R.W. $12,000 for the procedure.

21. Although, both Dr. Pendergraft and his associate Dr. Perper, felt that, preoperatively, the gestational age of the fetus was between 27 and 28 weeks, Dr. Pendergraft did not transfer R.W. to a hospital.

11

**2062**

22. Jorge Gomez, M.D., testified as an expert witness on behalf of the Department. Dr. Gomez is board-certified in obstetrics and gynecology and in maternal-fetal medicine. Dr. Gomez opined that on July 7, 2005, the age of the fetus from conception was 27 weeks. His opinion was based on biparietal diameter (BPD), the head circumference, the size of the cerebellum, and the femur length. He discounted the abdominal circumference because the abdominal wall defect would result in a less reliable measurement of the age of the fetus. The abdominal wall defect would cause the measurement to be smaller than would be expected for the age of the fetus.

23. Jay Neil Plotkin, M.D., testified as an expert witness for Dr. Pendergraft. Dr. Plotkin has been a licensed physician for 37 years and is board-certified in obstetrics and gynecology. Dr. Plotkin has not treated patients for four years and has not performed an abortion in six or seven years. It was Dr. Plotkin's opinion that the abortion occurred during the second trimester rather than the third trimester. His opinion is based on the combined fetal and placental weight at time of delivery. He concluded that the gestational age at the time of delivery was 24 weeks, which would translate to 22 weeks of pregnancy from conception. He used a chart to determine the age based on the weight of the fetus, but he did not know if the

12

2063

chart was based on normal fetuses or included fetuses with abnormalities such as the one at issue.

24.   Dr. Pendergraft also called Steven Warsof, M.D., as an expert witness.   Dr. Warsof is an obstetrician/gynecologist with a subspecialty in maternal-fetal medicine.   He has spent most of his professional career pursuing academic issues in obstetrical ultrasonography.   It was his opinion that R.W.'s pregnancy was in the second trimester.   He also based his opinion on the weight of the products of conception after delivery.

25.   Based on the evidence presented, it is clear and convincing that R.W. was in her third trimester of pregnancy when she had the abortion.   The only two doctors who placed the pregnancy in the second trimester based their opinions on the weight of the fetus and placenta at the time of delivery. Because of the complications of R.W.'s pregnancy, it is clear that the fetus had not developed normally and was underweight for its age.   There had been a lack of amniotic fluid which is essential to development of the fetus.   Based on his office records, it is also clear and convincing that Dr. Pendergraft was under the impression that R.W. was in her third trimester of pregnancy when he performed the abortion.

26.   The medical records of Dr. Pendergraft do not contain a written certification from two physicians that within a reasonable degree of medical probability the termination of

13

**2064**

R.W.'s pregnancy was necessary to save the life or preserve the health of R.W.  The evidence established that Dr. Pendergraft wrote in his notes that there was a risk of life-threatening, sudden health issues.  Assuming he was referring to the health issues of the pregnant woman, this note could be considered a certification that to a degree of medical probability that the abortion was necessary to preserve the health of R.W.  However, there is no written certification from another physician that that was the case, and the note of Dr. Pendergraft that R.W.'s primary care physician concurred with the maternal health reasons for termination of the pregnancy is not a written certification from another physician.  The medical records kept by Dr. Pendergraft do not contain a written certification that there is a medical necessity for emergency medical procedures to terminate the pregnancy and that no other physician is available for consultation.

27.  No evidence was presented concerning the allegations in Counts IV, V, and VI of the Amended Administrative Complaint.

## CONCLUSIONS OF LAW

28.  The Division of Administrative Hearings has jurisdiction over the parties to and the subject matter of this proceeding.  §§ 120.569 and 120.57, Fla. Stat. (2006).

29.  The Department must establish the allegations in the Amended Administrative Complaint by clear and convincing

14

**2065**

evidence.   Department of Banking and Finance v. Osborne Stern
and Company, 670 So. 2d 932 (Fla. 1996).   The clear and
convincing standard has been described by the courts as follows:

> [C]lear and convincing evidence requires
> that the evidence must be found to be
> credible; the facts to which the witnesses
> testify must be distinctly remembered; the
> testimony must be precise and explicit and
> the witnesses must be lacking in confusion
> as to the facts in issue.   The evidence must
> be of such weight that it produces in the
> mind of the trier of fact a firm belief or
> conviction, without hesitancy, as to the
> truth of the allegations sought to be
> established.

Slomowitz v. Walker, 429 So. 2d 797, 800 (Fla. 4th DCA 1983).

30.   The Department has alleged that Dr. Pendergraft
violated Subsection 456.072(1)(k), Florida Statutes, which
provides:

> (1)   The following acts shall constitute
> grounds for which the disciplinary actions
> specified in subsection (2) may be taken:
>
> *       *       *
>
> (k)   Failing to perform any statutory or
> legal obligation placed upon a
> licensee. . . .

31.   The Department has alleged that Dr. Pendergraft
violated Subsections 458.331(1)(g), (m), and (t), Florida
Statutes, which provide:

> (1)   The following acts constitute grounds
> for denial of a license or disciplinary
> action, as specified in s. 456.072(2):

15

2066

\*       \*       \*

(g)  Failing to perform any statutory or
legal obligation placed upon a licensed
physician.

\*       \*       \*

(m)  Failing to keep legible, as defined by
department rule in consultation with the
board, medical records that identify the
licensed physician or the physician extender
and supervising physician by name and
professional title who is or are responsible
for rendering, ordering, supervising, or
billing for each diagnostic or treatment
procedure and that justify the course of
treatment of the patient, including, but not
limited to, patient histories; examination
results; test results; records of drugs
prescribed, dispensed, or administered; and
reports of consultations and
hospitalizations.

\*       \*       \*

(t)  Notwithstanding s. 456.072(2), but as
specified in s. 456.50(2):

1.  Committing medical malpractice as
defined in s. 456.50.  The board shall give
great weight to the provisions of s. 766.102
when enforcing this paragraph.  Medical
malpractice shall not be construed to
require more than one instance, event, or
act.

32.  Subsection 456.50(1)(g), Florida Statutes, defines

"medical malpractice" as "the failure to practice medicine in

accordance with the level of care, skill, and treatment

recognized in general law related to health care licensure,"

which is the standard of care specified in Subsection 766.102,

**2067**

Florida Statutes, which provides that the prevailing standard of care for a given health care provider is "that level of care, skill, and treatment, which in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers."

33.  In Count I of the Amended Administrative Complaint, the Department alleges that Dr. Pendergraft violated Subsections 456.072(1)(k) and 458.331(1)(g), Florida Statutes, by performing a third trimester abortion procedure on R.W. at the OWC facility and by performing a third trimester abortion procedure on R.W. without having two physicians certify in writing to the fact that, to a reasonable degree of medical probability, the termination of the pregnancy was necessary to save the life or preserve the health of R.W. or certifying that it was an emergency and another physician was not available for consultation.

34.  Subsection 797.03(3), Florida Statutes, provides that "[i]t is unlawful for any person to perform or assist in performing an abortion on a person in the third trimester other than in a hospital."  Subsection 390.0111(1), Florida Statutes, provides:

> (1)  TERMINATION IN THIRD TRIMESTER; WHEN
> ALLOWED.—No termination of pregnancy shall
> be performed on any human being in the third
> trimester of pregnancy unless;

17

**2068**

(a)   Two physicians certify in writing to the fact that, to a reasonable degree of medical probability, the termination of the pregnancy is necessary to save the life or preserve the health of the pregnant woman; or

(b)   The physician certifies in writing to the medical necessity for legitimate emergency medical procedures for termination of pregnancy in the third trimester, and another physician is not available for consultation.

35.   Subsection 390.011(8), Florida Statutes, defines "third trimester" as "the weeks of pregnancy after the 24th week of pregnancy."   The term "weeks of pregnancy" is not defined in the Florida Statutes.   Taken literally, the term would mean that weeks of pregnancy would be the number of weeks that the woman was actually pregnant.   Therefore, it is concluded that weeks of pregnancy refers to the number of weeks from the time of conception and not the last menstrual period of the woman.   If the Legislature had intended that gestational age be used, it could have so stated.

36.   The Department has established by clear and convincing evidence that Dr. Pendergraft violated Subsections 456.072(1)(k) and 458.331(1)(g), Florida Statutes.   R.W. was in her third trimester of pregnancy when Dr. Pendergraft performed the abortion.   Subsection 797.03(7), Florida Statutes, prohibits persons from performing third trimester abortions in locations other than a hospital.   Dr. Pendergraft was under a legal

18

obligation to perform the third trimester abortion in a hospital, and he did not do so.

37. Dr. Pendergraft had a legal obligation pursuant to Subsection 390.0111(1), Florida Statutes, to have the written certifications of two physicians that within a medical probability it is necessary to perform the abortion to save the life or preserve the health of R.W. or to certify in writing that an emergency existed, and there was no other physician available for consultation. He did not do so. The notation in his records that Dr. P.C. concurred with the maternal health reasons for terminating the pregnancy is not sufficient to meet the statutory requirement of Subsection 390.0111(1)(a), Florida Statutes, and there is no certification in the records that an emergency existed, and no other physician was available for consultation.

38. In Count II of the Amended Administrative Complaint, the Department alleges that Dr. Pendergraft violated Subsection 458.331(1)(m), Florida Statutes, by not certifying in writing that to a reasonable degree of medical probability the termination of R.W.'s pregnancy was necessary to save the life or preserve the health of R.W., by failing to obtain a concurring certification from a second physician, and by failing to certify in writing that an emergency existed.

19

**2070**

39. The Department has established by clear and convincing evidence that Dr. Pendergraft violated Subsection 458.331(1)(m), Florida Statutes. His medical records did not contain a certification in writing from two physicians that within a reasonable medical probability the abortion was necessary to save the life or preserve the health of R.W., and he did not certify in writing that an emergency existed and that there was no other physician available to consult.

40. In Count III of the Amended Administrative Complaint, the Department alleges that Dr. Pendergraft violated Subsection 458.331(1)(t)1., Florida Statutes, in one or more of the following ways:

    a. By performing a third trimester abortion procedure on Patient R.W. at the OWC facility.

    b. By not certifying in writing that to a reasonable degree of medical probability, the termination of Patient R.W.'s pregnancy was necessary to save the life or preserve the health of the pregnant woman, or obtain a concurring certification from a second physician.

    c. By not certifying in writing that an emergency existed.

    d. By not transferring Patient R.W. to a hospital before performing the third trimester abortion.

    e. By prescribing, ordering or administering Demerol to Patient R.W. when Respondent did not have a current, valid DEA number to allow him, as a licensed

**2071**

physician, to prescribe, order, or
administer controlled substances.

41.  The Department has failed to establish by clear and
convincing evidence that Dr. Pendergraft ordered the
administration of Demerol to R.W. when he did not have a
current, valid DEA number.  Although the note of the medical
assistant indicated that the standing order for the Demerol was
from Dr. Pendergraft, she credibly testified that the order was
from Dr. Perper.

42.  The Department has established by clear and convincing
evidence that Dr. Pendergraft violated Subsection
458.331(1)(t)1., Florida Statutes, by performing a third
trimester abortion on R.W. in a setting other than a hospital,
by not transferring R.W. to a hospital for the abortion, by
performing the abortion when it was not an emergency, and by
performing the abortion without the written certification of two
physicians that the procedure was necessary to save the life or
preserve the health of R.W.  The standard of care for performing
third trimester abortions in Florida is set forth in Sections
390.0111 and 797.03, Florida Statutes, and Dr. Pendergraft
failed to meet that standard of care.

43.  The Department failed to establish the allegations set
forth in Counts IV, V, and VI of the Amended Administrative
Complaint.

2072

44.   Florida Administrative Code Rule 64B8-8.001 sets forth
the range of penalties to be imposed for violations of Chapters
456 and 458, Florida Statutes.  The range of penalties for a
violation of Subsections 456.072(1)(k) and 458.331(1)(g),
Florida Statutes, goes from a letter of concern to revocation
and an administrative fine of from $1,000.00 to $10,000.00.  The
penalty for a violation of Subsection 458.331(1)(m), Florida
Statutes, goes from a reprimand to two years' suspension
followed by probation and an administrative fine from $1,000.00
to $10,000.00.  The penalty for violation of Subsection
458.331(1)(t)1., Florida Statutes, goes from one year's
probation to revocation and an administrative fine from
$1,000.00 to $10,000.00.

45.   On September 10, 2007, Dr. Pendergraft filed a Motion
for Attorney's Fees and Costs relating to Counts IV, V, and VI
of the Amended Administrative Complaint pursuant to Sections
57.105 and 120.595, Florida Statutes.[7]  Section 120.595, Florida
Statutes, cannot form the basis for an award of attorney's fess
in the instant case.  Subsection 120.595(1)(b), Florida
Statutes, provides:

> (b)   The final order in a proceeding
> pursuant to s. 120.57(1) shall award
> reasonable costs and a reasonable attorney's
> fee to the prevailing party only where the
> nonprevailing adverse party has been
> determined by the administrative law judge

22

to have participated in the proceeding for
an improper purpose.

46.   In the instant case, the Department does not meet the definition of a "nonprevailing adverse party," as defined in Subsection 120.595(1)(e)3., Florida Statutes, as one "that has failed to have substantially changed the outcome of the proposed or final agency action. . . ."  The Department has not sought to change the outcome of the proposed agency action.

<u>RECOMMENDATION</u>

Based on the foregoing Findings of Fact and Conclusions of Law, it is RECOMMENDED that a final order be entered finding Dr. Pendergraft guilty of violations of Subsection 456.072(1)(k), 458.331(1)(g), 458.331(1)(m), and 458.331(1)(t)1., Florida Statutes; dismissing Counts IV, V, and VI of the Amended Administrative Complaint; suspending his license for one year followed by three years of probation with indirect monitoring; imposing an administrative fine of $10,000.00; and denying his motion for attorney's fees pursuant to Subsection 120.595(1)(b), Florida Statutes.

2074

DONE AND ENTERED this 26th day of October, 2007, in Tallahassee, Leon County, Florida.

*Susan B. Harrell*

SUSAN B. HARRELL
Administrative Law Judge
Division of Administrative Hearings
The DeSoto Building
1230 Apalachee Parkway
Tallahassee, Florida  32399-3060
(850) 488-9675    SUNCOM 278-9675
Fax Filing (850) 921-6847
www.doah.state.fl.us

Filed with the Clerk of the
Division of Administrative Hearings
this 26th day of October, 2007.

ENDNOTES

1/  All references to the Florida Statutes are to the 2005 version, unless otherwise stated.

2/  The age of the fetus at the time of the ultrasound on June 21, 2005, based on date of conception would have been 22.5 weeks or 22 weeks and three and one-half days. Thus, based on the ultrasound taken on June 21, 2005, R.W. would have been 24 weeks and five and one-half days pregnant.

3/  Based on the findings of the ultrasound done on June 22, 2005, R.W. would have been 23 weeks and five days pregnant from the time of conception. Thus, based on the findings of the June 22, 2005, ultrasound, R.W. would have been 25 weeks and six days pregnant at the time of the abortion.

4/  Based on the findings of the physician interpreting the ultrasound on June 23, 2005, R.W. would have been pregnant for 25 weeks and six days at the time of the abortion based on the dating of pregnancy from conception.

5/  The perinatologist who examined R.W. was under the impression that R.W.'s last menstrual period was in October 2004. However, R.W. listed January 5, 2005, as the first day of her last normal

24

2075

period.  A note in Dr. P.C.'s records indicate that R.W. ran her
last marathon in January 2005.  Thus, it is not clear if R.W.
was listing the time in which she had concluded her strenuous
training and should have resumed her normal periods or if
January 5, 2005, was, indeed, the last normal period that she
had before she learned that she was pregnant.  The opinions of
the experts who testified were based on the premise that R.W.
was not able to determine the date of her last menstrual period
because of her amenorrhea.  However, if her last menstrual
period was January 5, 2005, she would have been 24 weeks and one
day pregnant at the time of the abortion on July 7, 2005, based
on the fetal age from conception.

6/   The Amended Administrative Complaint alleged that
Dr. Pendergraft performed the abortion on July 5, 2005; however,
the evidence established the abortion on July 7, 2005.
Dr. Pendergraft argued in his Proposed Recommended Order that he
was deprived of due process because the Department did not prove
that the abortion occurred on July 5, 2005.  The reference to
July 5, 2007, in the Amended Administrative Complaint is a
scrivener's error.  Dr. Pendergraft was not prejudiced by the
error.  He fully defended against the Amended Administrative
Complaint.  The instant situation differs vastly from having to
defend against a change that was not alleged or conduct that
was not alleged.  See Werner v. Dept. of Ins. & Treasurer,
689 So. 2d 1211, 1213-1214 (Fla. 1st DCA 1997).

7/   The motion as it relates to Section 57.105, Florida Statutes,
is dealt with by separate order.


COPIES FURNISHED:

Irving Levine, Esquire
Department of Health
4052 Bald Cypress Way, Bin C65
Tallahassee, Florida  32399-3265

Kenneth J. Metzger, Esquire
Fowler White Boggs Banker, P.A.
Post Office Box 11240
Tallahassee, Florida  32302

Kathryn L. Kasprzak, Esquire
Fowler White Boggs Banker, P.A.
200 South Orange Avenue, Suite 1950
Orlando, Florida  32801

**2076**

Larry McPherson, Executive Director
Board of Medicine
Department of Health
4052 Bald Cypress Way
Tallahassee, Florida  32399-1701

Josefina M. Tamayo, General Counsel
Department of Health
4052 Bald Cypress Way, Bin A-02
Tallahassee, Florida  32399-1701

## NOTICE OF RIGHT TO SUBMIT EXCEPTIONS

All parties have the right to submit written exceptions within
15 days from the date of this Recommended Order.  Any exceptions
to this Recommended Order should be filed with the agency that
will issue the Final Order in this case.

2077