UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD OF THE GREAT NORTHWEST AND THE HAWAIIAN ISLANDS, a Washington Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>LAWRENCE G. WASDEN, in his official capacity as Attorney General of Idaho; JAN M. BENNETTS, in her official capacity as Ada County Prosecuting Attorney; GRANT P. LOEBS, in his official capacity as Twin Falls County Prosecuting Attorney; THE INDIVIDUAL MEMBERS OF THE IDAHO STATE BOARDS OF MEDICINE AND NURSING, in their official capacities; and RUSSELL S. BARON, in his official capacity as Director of the Idaho Department of Health and Welfare,<br><br>    Defendants. | Case No. 1:18-cv-00319-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. OVERVIEW

Pending before the Court is Plaintiff Planned Parenthood of the Great Northwest and the Hawaiian Islands' ("Planned Parenthood") Expedited Motion for a Preliminary Injunction Pending Appeal. Dkt. 30. Having reviewed the record and briefs, the Court

finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court finds good cause to DENY the Motion.

## II. BACKGROUND

On August 3, 2018, Planned Parenthood filed a Motion for Preliminary Injunction (Dkt. 7) seeking to enjoin the State of Idaho from enforcing the Abortion Complications Reporting Act ("the Act")[1] during the pendency of this litigation. On October 22, 2018, the Court issued a Decision denying Planned Parenthood's Motion. Dkt. 24. On October 31, 2018, Planned Parenthood filed an interlocutory appeal seeking review of the Court's Decision. Dkt. 25.

On November 2, 2018, Planned Parenthood filed a Motion seeking a preliminary injunction pending their appeal of the Court's Decision denying a preliminary injunction. Dkt. 30. The Court set an expedited briefing schedule on that Motion. Dkt. 32. Briefing is now complete,[2] and the Motion is ripe for consideration.

## III. LEGAL STANDARD

The Federal Rules of Appellate Procedure provide that a party may request a stay or seek an injunction in the district court during the pendency of an appeal of a district court order. Fed. R. App. P. 8. Specifically, Rule 8(a)(1) requires that the party seeking

---

[1] Idaho Code section 39-9501 et seq. The Act took effect July 1, 2018.
[2] Planned Parenthood elected not to file a reply to its motion. See Dkt. 34.

MEMORANDUM DECISION AND ORDER – 2

relief move first in the district court for an injunction before seeking relief from the court of appeals. Fed. R. App. P. 8(a)(1).

The standard applied here is the same as before. A Plaintiff seeking a preliminary injunction must establish that: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Short v. Brown*, 893 F.3d 671, 675 (9th Cir. 2018) (internal citations omitted).

## IV. ANALYSIS

As the Court noted in its prior Decision,[3] the Ninth Circuit weighs the various factors of the preliminary injunction test "on a sliding scale" and even if the plaintiffs have only raised "'serious questions going to the merits'—that is, less than a 'likelihood of success' on the merits—a preliminary injunction may still issue so long as 'the balance of hardships tips *sharply* in the plaintiff's favor' and the other two factors are satisfied." *Short v. Brown*, 893 F.3d 671, 675 (9th Cir. 2018) (italics in original, underlining added).

In its Decision, the Court found that while there was a "chance of success" concerning Planned Parenthood's constitutional challenges, it failed to show that these questions could not be determined through the normal course of litigation and that irreparable harm would ensue in the absence of an injunction. Planned Parenthood had the burden of showing "immediate threatened injury," *see Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988), but failed to do so. As the Court noted,

---

[3] Dkt. 24, at 23.

MEMORANDUM DECISION AND ORDER – 3

the Supreme Court has held that in order to obtain a preliminary injunction, "plaintiffs must establish that irreparable harm is *likely,* not just possible. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (emphasis in original); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 23 (2008).

Here, as the Court originally found, while there is always the *possibility* that harm *may* occur, (Dkt. 24, at 21), the Court finds now, as it did previously, that this possibility is unlikely in the present case. First, the Court found in its Decision that the reporting requirements—more specifically, the confidentiality provision of the Act—were enforceable. Accordingly, no relevant personal or identifying information (about either patients or providers) will be disclosed in the process of reporting under the Act. No harm will occur from providing the information required under the Act.

Second, it is unlikely that providers will be subject to professional discipline, or any adverse action by the State, under the Act. While Planned Parenthood does not seem to believe the State's position—and as the Court noted, there is some confusion on the State's position in relation to the wording of the Act itself and the instructions to the Act—there is discretion built into the statute and a provider's differing—but honest—medical determination will not be prosecuted. The State will only impose sanctions (i.e. the feared harm will only occur) if a provider willfully disobeys the law by either not filing a report at all or by filing a false report.

The fact that there are some questions which must be litigated regarding whether there is discretion in determining if a complication is a complication, whether a

complication arises from an abortion, or whether some complications are too vague, does not mean that compliance during that time will result in irreparable harm.

Finally, Planned Parenthood takes issue with the Court's calculation that the earliest any harm might occur in this case is December 8, 2018, and reminds the Court that this case will still be pending after that date. As the Court noted in its Decision, *see* Dkt. 24, at 21 n.20, it was not implying that this litigation would be complete by December 8, 2018, but solely that the harm was not immediate—or frankly even a possibility at that time. The Court was simply noting that there was no immediacy in the perceived harm and that during this litigation (even in its early stages) there is the possibility that some of the issues *could be* worked out before any harm would ever occur.

The Court's opinions as to timing aside, after reviewing its Decision, all applicable laws, and the facts of this case, the Court stands by its prior Decision. More relevant here, the Court finds that nothing has changed since the Court issued its Decision that warrants a stay during the pendency of Planned Parenthood's appeal of the Court's Decision.

"Under the 'sliding scale' approach to preliminary injunctions observed in this circuit, 'the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another.'" *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012). Here, Planned Parenthood has not met its burden. A weak showing of likelihood of success on the merits coupled with an even weaker showing of irreparable harm is insufficient to warrant a preliminary injunction.

///

# V. ORDER

1. Planned Parenthood's Expedited Motion for Preliminary Injunction Pending Appeal (Dkt. 30) is DENIED.

DATED: November 9, 2018

_____
David C. Nye
U.S. District Court Judge