FILED

DEC 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PLANNED PARENTHOOD OF THE GREAT NORTHWEST AND THE HAWAIIAN ISLANDS,<br><br>      Plaintiff-Appellant,<br><br> v.<br><br>LAWRENCE GARTH WASDEN, in his official capacity as the Idaho Attorney General; et al.,<br><br>      Defendants-Appellees. | No. 18-35926<br><br>D.C. No. 1:18-cv-00319-DCN<br>District of Idaho,<br>Boise<br><br>ORDER |

Before: LEAVY, BYBEE, and HURWITZ, Circuit Judges.

Appellant's motion to seal the declaration of Dr. A, as well as the motion to seal, is granted in part, subject to the public filing of a redacted declaration and a redacted motion to seal within 21 days after the date of this order (Docket Entry No. 7). *See* Interim 9th Cir. R. 27-13. The redacted declaration shall omit only those portions of the declaration that contain details about Dr. A's education, professional background, and medical specialty—specifically paragraph 2; paragraph 3; paragraph 4; paragraph 5; the first sentence of paragraph 22; the first sentence of paragraph 40; the first two sentences of paragraph 41; the first sentence of paragraph 43; and paragraph 48. The redacted motion to seal shall omit only those portions of the motion that reference details about Dr. A's education,

KML/MOATT

professional background, and medical specialty. The Clerk shall maintain the unredacted declaration and unredacted motion under seal, and if appellant submits redacted versions of these documents in accordance with this order, the Clerk shall file the redacted versions publicly and the unredacted versions under seal.

Appellant's urgent motion for an injunction pending appeal is denied (Docket Entry No. 8). *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22-23 (2008).

The briefing schedule established previously remains in effect.

Hurwitz, Circuit Judge, concurring in part and dissenting in part:

I concur with the disposition of the motion to seal. I respectfully dissent, however, from the denial of the motion for an injunction pending appeal. The district court's order concerning the application for preliminary injunction correctly describes the primary question as whether plaintiffs "are likely to succeed on the merits." The district court then concludes, as to plaintiffs' vagueness attack on the Idaho statutory scheme, that "this prong of the inquiry is met."

Given the district court's conclusion as to likelihood of success on the merits (with which I agree), an injunction pending appeal should be granted. The statutory scheme subjects those who fail to file required reports to potential civil penalties and professional sanctions, including loss of licensure. Idaho Code Ann.

KML/MOATT  2

§ 39-9506(3) & (4). Health care providers thus face genuine harm from the statute's enforcement pendent lite. *See Tucson Med. Woman's Clinic v. Eden*, 379 F.3d 531, 554 (9th Cir. 2004) ("Given the potential for harassment of abortion providers, it is particularly important that enforcement of any unconstitutionally vague provisions of the scheme be enjoined."). And, any countervailing state interest in enforcement pending appeal is small, as the state seeks to collect information only to compile an annual report, Idaho Code Ann. § 39-9504(4), and to aggregate data for the federal Centers for Disease Control and Prevention, *id*. § 39-9504(5).

KML/MOATT 3